(No. 12771.—Judgment affirmed.)

.WILLIAM CINOFSKY *et al.* Plaintiffs in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(JOHN DECKER, Defend-
ant in Error.)

*Opinion filed December 17, 1919.*

1. WORKMEN'S COMPENSATION—*when the junk business is extra-
hazardous.* While the mere receiving or buying of junk of a cer-
tain character may not be extra-hazardous, where the business also
includes the operating of a junk yard, where metal is stripped and
prepared for sale by the use of electric shears and an acetylene
torch, employees engaged in stripping metal in such yard are em-
ployed in an extra-hazardous business under section 3 of the Com-
pensation act.

2. SAME—*distinction between employee and independent con-
tractor.* The principal test as to whether one is an employee or an
independent contractor lies in the degree of control retained and
exercised by the person for whom the work is being done, and the
mere fact that the employment is for one job, only, does not neces-
sarily prevent the application of the Compensation act in case the
person employed is injured.

3. SAME—*when decision of the Industrial Commission that em-
ployee was not an independent contractor is binding on Supreme
Court.* Where the evidence is conflicting on the question whether
an applicant for compensation was an employee or an independent
contractor at the time he was injured, and there is evidence tend-
ing to show that the relationship of employer and employee ex-
isted, the finding by the Industrial Commission that the applicant
is entitled to compensation as an employee is binding on the Su-
preme Court.

WRIT OF ERROR to the Circuit Court of Peoria county;
the Hon. C. V. MILES, Judge, presiding.

LUTHER F. BINKLEY, for plaintiffs in error.

SHELTON F. McGRATH, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

John Decker was injured in the junk yard of plaintiffs
in error October 25, 1917, the injury causing the total loss
of his left eye. The arbitrator, after a hearing, found that

the applicant and the respondents were operating under the Workmen's Compensation act and that the injury arose out of and in the course of the employment, and an award was entered in favor of Decker. On appeal to the Industrial Commission the arbitrator's decision was affirmed. A writ of *certiorari* was issued out of the circuit court of Peoria county and the Industrial Commission's decision was there affirmed. The trial court certified that the cause was one not proper to be reviewed by the Supreme Court. A writ of error and *supersedeas* were procured from a judge of this court in vacation and the case is now here for review.

Plaintiffs in error were engaged in carrying on a junk business in Peoria. They purchased old machinery, engines, boilers and the like, which they stripped or took apart and put in proper shape for sale to foundries as old metal. This work was done in the yard of plaintiffs in error. Decker testified that he had worked, off and on, for plaintiffs in error for thirteen years; that on October 25, 1917, the day he was injured, he appeared with John Ashcraft at their yard and asked for work; that he was told they expected certain railroad cars in and when such cars reached the yard they could give him work by the day, but that there were some engines in the yard to be stripped, and that he would be paid, if he would do the work, four dollars per engine, and to work on them until the cars were set; that this arrangement was made both with him and with Ashcraft. Decker testified that he and Ashcraft went to work stripping the engines until the cars in question should come in, and while so working, Decker holding a chisel and Ashcraft striking it with a sledge, a piece of steel flew off from the engine they were working on, hitting Decker in the eye, making the subsequent removal of the eyeball necessary. Ashcraft, who was working with Decker, testified substantially the same as Decker did as to their employment. Abe Cinofsky testified that Decker came around in the morning of the day of the injury and asked him if he

had any work of this kind and witness told him that he had, and Decker and Ashcraft went over and looked at the engines that were to be stripped, and Decker, as spokesman, made an offer of three dollars for one and four dollars for another; that there was no agreement to work by the day. William Cinofsky, the father, testified similarly to the son. He stated that he did not hire men by the day to tear down these machines; that it was done by contract; that he told Decker and Ashcraft he would give them so much apiece to strip these boilers and they went to work at it. It is conceded by all the witnesses that neither Decker nor Ashcraft had tools with which to work at stripping the engines and that these tools were furnished by plaintiffs in error.

Counsel for plaintiffs in error argues that the business or enterprise in which plaintiffs in error were engaged did not bring it within the classification set forth in section 3 of the Workmen's Compensation act as extra-hazardous, and that as they had not elected to come under the act they could not be held liable thereunder, unless it is shown, as a matter of fact, that the business was extra-hazardous. (*Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316.) This court held in this last case that a hospital conducted under certain conditions might be a hazardous business while it would not be so under others. The mere receiving or buying of junk of a certain character might not be extra-hazardous, but that was not the whole of plaintiffs in error's business. The evidence shows that they were operating a junk yard,—that is, they were collecting, sorting and preparing junk and metals for market, and that in this work they were sometimes required to use shears driven by electric motor and an acetylene torch. There can be no question that the preparation of this junk for sale was a necessary part of the business and that the work was of such a nature as to bring it within the rule of being extra-hazardous in fact; that plaintiffs in error should be held within the act on that account under the reasoning of this

court in *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76. In view of the undisputed facts in this case as to the character of the work, we think it is easily distinguishable from the reasoning of this court in *Uphoff* v. *Industrial Board,* 271 Ill. 312, *Hochspeier* v. *Industrial Board,* 278 id. 523, and *Fruit* v. *Industrial Board,* 284 id. 154. Nothing is said in those cases, in our judgment, which upholds the argument of counsel for plaintiffs in error that plaintiffs in error's business was not extra-hazardous.

Counsel for plaintiffs in error also argues that the applicant, Decker, was not an employee but an independent contractor. The evidence already set out shows that on this point it was conflicting. Decker and Ashcraft testified that they were employed and held on piecework only until certain cars were set, when they were to be paid by the day, and it is conceded that they did not furnish their own tools. It has been held that the principal test as to whether one is an employee or an independent contractor lies in the degree of control retained and exercised by the person for whom the work is being done. (*Meredosia Drainage District* v. *Industrial Com.* 285 Ill. 68.) "The right to control the manner of doing the work is the principal consideration which determines whether the worker is an employee or an independent contractor. This work was very simple. No control would ordinarily be required except to direct where the coal should be unloaded, and this control was exercised. There was nothing in the contract indicating that the company surrendered the right to control the manner in which the unloading should be done. It retained the right to discharge Mulverhill on the instant." (*Decatur Railway and Light Co.* v. *Industrial Board,* 276 Ill. 472.) The same may be said here. Little supervision was required for this particular work. If the applicant once had his instructions it would not be difficult for him to proceed with his work of stripping the engines without any interference from his employer. This court held that one who applied for work

as driver of a motor truck under an agreement that if he was capable of handling a car he would be given employment for three weeks was an employee, notwithstanding he was killed at the end of the first half day of his work and before his name was on the pay-roll. (*Field & Co.* v. *Industrial Com.* 285 Ill. 333.) The mere fact that the employment is for one job, only, does not necessarily take the employment from under the act. *American Steel Foundries* v. *Industrial Board,* 284 Ill. 99.

In this connection it is argued by counsel for plaintiffs in error that the question whether the applicant was an independent contractor or an employee is a question of law and not of fact, while counsel for the applicant argues it is a question of fact, and that the finding of the commission that the applicant was an employee is conclusive and not subject to review in any event. This argument of counsel for applicant is subject to one qualification. It is correct in a case where the evidence affecting such question is conflicting,—that is, if there is any evidence showing or tending to show such relationship it is the exclusive duty and province of such commission to weigh the evidence and draw any and all reasonable inferences therefrom, and its conclusion in such a case is final and not subject to review; but where the evidence affecting such question is undisputed and is reasonably susceptible of but a single inference, the question what relation is thereby shown to exist is one of law. (*Zeitlow* v. *Smock,* (Ind.) 117 N. E. Rep. 665, and cases there cited.) The record here shows that the evidence was conflicting on this question. It being the exclusive duty and province of the Industrial Commission to weigh the evidence, the commission was justified, from the evidence in the record, in holding that the applicant was an employee and entitled to compensation. That decision, therefore, is binding on this court on that question.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*