### KELLY v. HANSON et al.

No. 15329—Opinion Filed Jan. 27, 1925.

Rehearing Denied April 14, 1925.

1. **Master and Servant—Workmen's Compensation Law—Appeal—Finding of Fact — Independent Contractor not Entitled to Compensation.**

A finding of fact by the State Industrial Commission to the effect that a petitioner for an award is an independent contractor, and not entitled to an award, must be upheld where the evidence plainly discloses that such finding is correct.

2. **Same.**

Evidence examined, and held, that petitioner was an independent contractor, and received his injury in work disconnected with his contract, he having volunteered to do said work.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Appeal from Award of State Industrial Commission.

Action by E. W. Kelly against L. E. Hanson under Workmen's Compensation Law. From the judgment of the State Industrial Commission refusing an award, petitioner appeals. Affirmed.

Hurst & Hurst, for plaintiff in error.

George Short, Atty. Gen., for defendants in error.

Opinion by LYONS, C. The petitioner received an injury while breaking rock. The State Industrial Commission found that the petitioner was an individual contractor, and was not entitled to an award for the reason that the disability of which the plaintiff in error complains did not arise out of and in the course of his employment. Testimony bearing on the employment is as follows:

"Q. Was that employment contract for $15 per day, for an engine and a man, sometimes your brother ran the engine, did he not? A. Yes, think a few days he did. Q. For the period that your son ran the engine, you were paid the same amount of money that was paid right along? A. Yes, sir. Q. If he worked eight hours per day and you put your son in place of yourself, you got $15 per day for the engine and the man? A. Yes, sir. Q. In other words, all that you had to do was to furnish the engine and the man? A. Yes, sir. Q. No objections as to whom you would put in to run the engine? A. No, sir. Q. That was the only contract of employment you made with Mr. Pryor? A. Yes, sir. Q. That was the only contract you had about being hired, was it not? A. Yes, sir. Q. Was the understanding you had with Mr. Pryor to furnish the tractor and a man or to go yourself? A. I told him I would furnish the tractor and the man, didn't specify any certain man, nothing said about that. Q. Did you receive any instructions at any time about doing any work around the quarry other than in direct connection with the tractor? A. No, sir, don't know that I did. * * * Q. Was he subject to your instruction there? A. No, not any further than to furnish us the power and the man to run the engine."

The following decisions of this court, in view of the state of the record, are conclusive: Chestnut & Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018; Sun Coal Company v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042; Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139, 207 Pac. 314; Harper on Workmen's Compensation, page 201 (citing Cinofsky v. Ind. Com., 290 Ill. 521; Sawtells v. Ekenberg (Mich.) 172 N. W. 581; Belmonte v. Connor (Pa.) 106 Atl. 787).

The following language from the case of

Standard. Oil Company v. Anderson, 212 U. S. at page 221, is in point:

"In the first case, he to whom the workmen are furnished is responsible for their negligence in the conduct of the work, because the work is his work and they are for the time his workmen. In the second case, he who agrees to furnish the completed work through servants over whom he retains control is responsible for their negligence in the conduct of it, because, though it is done for the ultimate benefit of the other, it is still in its doing his own work. To determine whether a given case falls within the one class or the other we must inquire whose is the work being performed, a question which is usually answered by ascertaining who has the power to control and direct the servants in the performance of their work. Here we must carefully distinguish between authoritative direction and control, and mere suggestion as to details or the necessary co-operation, where the work furnished is part of a larger undertaking.

"These principles are sustained by the great weight of authority, to which some reference will now be made. The simplest case, and that which was earliest decided, was where horses and a driver were furnished by a liveryman. In such cases the hirer, though he suggests the course of the journey and in a certain sense directs it, still does not become the master of the driver and responsible for his negligence, unless he specifically directs or brings about the negligent act."

The Supreme Court of Illinois has held:

"Where the evidence is conflicting on the question whether an applicant for compensation was an employe or an independent contractor at the time he was injured, and there is evidence tending to show that the relationship of employer and employe existed, the finding by the Industrial Commission that the applicant is entitled to compensation as an employe is binding on the Supreme Court." 290 Ill. 521.

It will be seen, therefore, that in this case Kelly was not employed to break rock, and there is evidence to the effect that no one had instructed him to do this character of work. The testimony was that there was a bunch of men there whose duty it was to break rock, and that they usually had a crew to break rock, and that this crew was separate from those whose duty it was to run the engine.

There is ground for the belief that Mr. Kelly volunteered to break rock for the purpose of demonstrating to those whose duty it was to perform this work just how such work should be done.

Under the state of the record we are unable to say that the commission erred in its findings of fact, or its application to the law thereto, and therefore the judgment of the commission is affirmed.

By the Court: It is so ordered.

Note.—See under (1) C. J.-Cyc. Workmen's Compensation Acts, p. 123; (2) Workmen's Compensation Acts, p. 115.