(No. 16647.—Judgment affirmed.)
THE SINCLAIR REFINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANK J. FREE-PARTNER, Defendant in Error.)

*Opinion filed June 18, 1925.*

1. WORKMEN'S COMPENSATION—*test as to whether workman is an independent contractor.* The principal consideration in determining whether a workman is an employee or an independent contractor is the matter of the right to control the manner of doing the work.

2. SAME—*when claimant must be held to be an employee.* Although the claimant testifies that he is a plumber by trade, he is entitled to compensation as an employee for an injury received while employed by the hour by an oil refining company in the installation of pumps and gasoline tanks for its customers, where the superintendent of the company is in control of the work and is authorized to discharge the employee at any time.

3. SAME—*what is sufficient basis for computation of compensation.* Where the claimant for compensation is not shown to have been regularly employed by the employer for a year preceding the injury, compensation may be based upon his undisputed testimony of his annual earnings in similar employment, where said sum does not exceed the amount he would have earned at the rate per hour he was employed at the time of the injury had his employment continued for the 300 work days allowed by statute.

DEYOUNG, J., took no part.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

GEORGE A. SCHNEIDER, for plaintiff in error.

PARKER & BAUER, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error was awarded compensation for injuries received while in the employ of plaintiff in error. The facts of the injury are not disputed. The controverted questions were, whether at the time of the accident the relation of employer and employee existed, and if so, whether the correct method of computing annual earnings of the applicant was used by the Industrial Commission.

Plaintiff in error contends that defendant in error was an independent contractor and therefore not under the operation of the Compensation act. Defendant in error was engaged in the plumbing business in Effingham. He had a shop of his own and did work by the hour. Plaintiff in error is engaged in the business of refining and selling oil, gasoline and greases at wholesale and retail. Defendant in error had been at various times engaged by L. J. Nickham, superintendent of plaintiff in error at Effingham. In each instance his employment was for the purpose of installing pumps and underground tanks, which were rented by plaintiff in error to retailers of gasoline. Defendant in error was not continuously engaged with plaintiff in error in such work, and when not so engaged did plumbing work for others, either by the hour or on contract. His usual method of work when employed by plaintiff in error was to furnish a helper, tools, shovels, etc., and to go to the place where the pump and tank were to be installed and there perform the necessary services as plumber and at times assist his helper in burying the tank into which the gasoline was to be put from plaintiff in error's wagons. The evi-

dence shows, without dispute, that· Nickham was, as he characterized it, "the boss" on these jobs; that he could employ and discharge defendant in error at any time during the course of the work of installing a pump and tank in case he thought defendant in error was not doing the work properly. The pumps and tanks were furnished by plaintiff in error. No materials were furnished by defendant in error other than an elbow or short bit of pipe where the pump could not be otherwise fitted. Even this material was seldom furnished. Defendant in error employed his helper and charged fifty cents an hour for his services. He received ninety cents an hour. On the morning of May 4 he and Nickham, pursuant to an engagement made with Nickham on the day previous, started to a near by town to repair a pump used by a customer of plaintiff in error. They were in Nickham's car. While driving on the road a man by the name of Kuhns drove his car so negligently on the public highway that he ran into Nickham's car, with the result that defendant in error sustained injuries.

It is contended, first, that under paragraph 2 of section 5 of the Workmen's Compensation act it must be held that defendant in error was not an employee of plaintiff in error at the time of the accident. Section 5 provides as follows: "The term 'employee' as used in this act, shall be construed to mean: * * * Second—Every person in the service of another under any contract of hire, express or implied, oral or written, * * * but not including any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." Plaintiff in error contends that it is this paragraph which prevents a finding that defendant in error was its employee at the time of the injury; that under the facts in the case he is excluded from the term "employee."

This question has never been directly passed upon in this State. In *Uphoff* v. *Industrial Board*, 271 Ill. 312, it was held that an injury received by a workman hired by a

farmer to erect a broom-corn shed on his farm was not received in the usual course of the business of the farmer, for the reason that the building of the broom-corn shed was not a part of the farmer's business but was merely an unusual incident to it. In *Holbrook* v. *Olympia Hotel Co.* 200 Mich. 597, the owner of a hotel was held not to be pursuing his business, within the meaning of the Compensation act, in causing rooms to be occasionally painted and decorated, though it was usual to have such work done from time to time. In *Skates* v. *Jones & Co.* 3 B. W. C. C. 460, it was held that one in the business of manufacture who contracts with a boilermaker to replace an old boiler with a new one is not liable to pay compensation to one of the workmen employed by the boilermaker; that while he required the work to be done he had not held himself out as a boilermaker; that it was not a part of his trade or business to install boilers, and therefore the injury did not occur while the employee was engaged in the usual course of trade of the defendant.

The above cases are cited by plaintiff in error as authority for the proposition that defendant in error was not an employee but an independent contractor. In this case it seems clear from the record that the installation of the pumps was as much a part of the business of plaintiff in error as the sale of gasoline. It was its business to rent the pumps, install them and have them returned to it when their use by the customer ceased. Nickham testified that at the request of plaintiff in error he procured orders for the rental of the pumps. This afforded means for furthering the business interests of plaintiff in error in the sale of gasoline and oils. It can scarcely be doubted, therefore, that the installation of the pumps was in the course of the regular trade and business of plaintiff in error. One of the principal considerations which determine whether a worker is an employee or an independent contractor is the matter of the right to control the manner of doing the work. (*Cin-*

*ofsky* v. *Industrial Com.* 290 Ill. 521 ; *Meredosia Drainage District* v. *Industrial Com.* 285 id. 68 ; *Decatur Railway and Light Co.* v. *Industrial Board,* 276 id. 472.) It is undisputed that Nickham was in control of the work of installing the pumps and could discharge defendant in error at any time. The fact that defendant in error's employment was entirely under the control of plaintiff in error's superintendent, taken with the fact that the employment was a part of the trade or business of plaintiff in error, establishes that the relation of employer and employee existed.

It is also contended by plaintiff in error that there is no competent evidence showing the amount of compensation to which defendant in error is entitled because there is no such evidence as to his annual earnings. This question appears not to have been raised on the hearing before the arbitrator or commission. Defendant in error testified, without objection, that he is a plumber by trade; that he gets ninety cents an hour for his services; that his average earnings for the year amounted to $200 per month, or $2400 per year. This amounts to more than the total of the 300 work days per year allowed by the Compensation act when computed at ninety cents per hour for an eight-hour day. There was no contradiction of this evidence on cross-examination of defendant in error on the matter, however, and no attempt made to determine the number of hours he worked each day or whether he lost any time. He testified that he earned $2400 per year, and that is undisputed.

It is contended, however, that since defendant in error was not engaged throughout the year with plaintiff in error he is not entitled to have his annual earnings based on the usual scale of wages he receives in the business independent of his employment with plaintiff in error. By section 10 of the Compensation act the basis of computation of compensation is declared to be: "(*a*) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in

**317—35**

the employment of the same employer continuously during the year next preceding the injury. * * * (*c*) If the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location, (or if that be impracticable, of neighboring employments of the same kind) have earned during such period. (*d*) As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as 300 times the average daily earnings in such computation." The record shows that during the year preceding the injury defendant in error had been engaged by plaintiff in error on fifteen different jobs. It is conceded that he did not put in his whole time in the employment of plaintiff in error. The record does not disclose that persons in the same class of employment as defendant in error were employed by plaintiff in error in the same location, nor is there evidence of the earnings arising from neighboring employments of the same kind during the year. Defendant in error testified that his income amounted to $2400 per year. There was no attempt to qualify his testimony in that particular and there is no other evidence in the record on that matter. It is not shown that at ninety cents per hour he could not have earned $2400 in a year of 300 work days allowed by the statute. The evidence does not show the number of hours he put in. He testified that he earned that amount. We are unable to say that the commission did not correctly compute the award.

There is no error in the record, and the judgment of the circuit court will be affirmed.    *Judgment affirmed.*

Mr. JUSTICE DEYOUNG took no part in this decision.