The People of the State of New York, Plaintiff, *v.* David Cherkowsky, Defendant.

City Magistrates' Court of New York, Municipal Term, Borough of Manhattan, February 16, 1934.

*Paul Windels, Corporation Counsel [J. G. L. Molloy and Rose Schneph of counsel], for the plaintiff.*

*Hyman Berlin, for the defendant.*

Goldstein, City Magistrate. The defendant is charged with a violation of chapter 10, article 1, section 10, of the Code of Ordinances of the city of New York. The complaint alleges that at premises 53 East One Hundred and Fifteenth street, city and county of New York, he conducted a hazardous or dangerous trade, occupation or business requiring the use of an inflammable or other dangerous substance without a permit from the fire commissioner.

The facts were not controverted; the defendant rested on the People's case. The defendant conducts a tailoring and clothes-pressing establishment, and in connection with such business uses a pressing machine, operated by an oil-burner device consisting of a tank filled with an inflammable liquid to which was attached a

copper tube, in turn connected with a vaporizer emitting a flame, which flame heated a steam boiler necessary for the operation of the pressing machine.

The two questions that I am called upon to decide are: 1. Is the defendant conducting a hazardous business within the meaning of the ordinance? 2. Does he receive exemption under chapter 10, article 8, section 115 of the Code of Ordinances?

The defendant urges that the tailoring business is not " hazardous." Tailoring in and of itself is not " hazardous." The testimony of the People's witnesses established beyond a reasonable doubt that the oil-burner device (including the steam boiler), because of the air pressure on the inflammable substance, made the device a hazard. The use of a dangerous device in connection with an otherwise non-hazardous business makes such a business a " hazardous " one. The danger is not from the tailoring, but from the use of the high-pressure boiler.

While it is true that the Workmen's Compensation Law does not include tailoring as a " hazardous " employment, it is equally true that the same act classifies the operation and repair of stationary engines and boilers as " hazardous." If it is a hazardous occupation for a stationary engineer, it is all the more hazardous for a tailor.

The uncontradicted testimony is that the device in question consisted in part of a high-pressure boiler, the operation of which would be classed under the Workmen's Compensation Law as a " hazardous " occupation. As was pointed out in the case of *Cinofsky* v. *Industrial Commission of Illinois* (290 Ill. 521; 125 N. E. 286), the mere receiving or buying of junk was not " extra-hazardous," but if in connection with the junk business there was used electrically-driven shears and an acetylene torch as part of the business, then the business became an " extra-hazardous " one. (See, also, *Hahnemann Hospital* v. *Industrial Board of Illinois*, 282 Ill. 316, and *McLaughlin* v. *Industrial Board of Illinois*, 281 id. 100; 117 N. E. 819.)

To agree with the defendant's contention that the use of a hazardous device does not make the business a dangerous one is to do violence to common sense. A business is either dangerous or not, depending upon the machinery used and the methods employed. Making candy over an ordinary cooking stove is non-hazardous, but the manufacture of candy with modern high-speed machinery, operated and controlled by combustion engines or electrical devices, makes the candy business so conducted a dangerous and hazardous business.

On the principle that an ounce of prevention is worth a pound of

cure, fire prevention has been added to the duties and responsibilities of the fire commissioner. The ordinance in question was clearly enacted for the prevention of fires and explosions. The unregulated installation and use of the device in question constitutes, in the opinion of the fire commissioner, a hazard. It would be ridiculous for a magistrate to substitute his opinion for the expert opinion of the fire commissioner as to what constitutes a fire hazard, and this is particularly true when not a word of testimony to the contrary was offered by the defense.

The defendant further contends that chapter 10, article 8, section 115, which provides, " but no permit shall be required where the quantity transported or used does not exceed ten gallons," exempts him from the operation of article 1, section 10 of the same chapter of the Code of Ordinances, previously discussed. The latter provision begins with the significant words: " Illuminating oils; no person shall store or sell kerosene or other illuminating oils." This clearly indicates that it is meant to be limited to the storing and use of kerosene or other illuminating oils and has no application to the use of kerosene or other inflammables or combustibles when used in the operation of machinery.

This exemption was intended for grocers and householders selling and using, respectively, small quantities of inflammable oils for illuminating purposes. It is difficult to understand why a business man should contest an ·ordinance so salutary in purpose, and enacted for his benefit as well as that of the community. I urge that both from a business and a social point of view it would be to everybody's interest, including that of the manufacturers, to apply for a (in the language of the ordinance) " permit issued upon such conditions as are deemed by the Fire Commissioner necessary in the interest of public safety."

There is every reason to believe, and I must assume, that the fire commissioner will not act capriciously, but will grant a permit under proper safeguards.

On the facts and the law, I have no choice other than to find, and do find, the defendant guilty. No fine is imposed on the defendant because I am convinced that he installed and operated the " device " without knowledge that a permit was necessary.

Sentence is· suspended on condition that the machine will not be operated until and unless a permit is obtained from the fire commissioner.