FRANK L. SPRINGSTEEL, Appellee, v. HANFORD PRODUCE COMPANY et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Findings of Fact. A finding by the industrial commissioner, on fairly supporting testimony, that a rupture was not caused by a prior injury is conclusive on the courts.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

· FEBRUARY 13, 1923.

REHEARING DENIED MAY 18, 1923.

IN the district court, this was an appeal from an order by the Iowa industrial commissioner, under the Workmen's Compensation Law, whereby an award of compensation was denied to the applicant, the appellee herein. The trial court reversed the order of the industrial commissioner, and ordered an allowance of compensation for six weeks, and a further allowance for a proposed surgical operation. From the order of the district court, the defendant has appealed.—*Reversed.*

*E. M. Corbett* and *Chandler Woodbridge,* for appellants.

*C. R. Metcalfe,* for appellee.

EVANS, J.—On March 8, 1919, the plaintiff, while engaged as the employee of the defendant, and in the course of his service, was injured. Compensation was applied for, pursuant to the statute. The defendant admitted its liability under the stat-

ute, and an award was made. Pursuant to such order, compensation was paid weekly (except a small balance due, which is admitted and tendered by the defendant), for several weeks, and until the plaintiff had apparently recovered. The plaintiff returned to work as employee for the defendant, but was put to different and lighter work than that in which he was engaged prior to his injury. Before his injury, he had been engaged in handling in bulk shipments of produce, and in loading the same by use of a truck from railroad platform to railroad car. After the injury and after his return to work, he was put in charge of an elevator operated by electricity. He engaged in this work for the defendant for the period of eleven months. The immediate occasion of his quitting this service was that he was disabled from further work by reason of double rupture. His final quitting was on April 24, 1920. His claim is that his rupture was caused by the accident of March 8, 1919, and that he had, in fact, been suffering disability therefrom all the time ever since, though he did not himself know what his trouble was. There was and is but one disputable question in the case, and that is a question of fact: Was plaintiff's injury of March 8, 1919, the cause of his rupture? This was the decisive question before the industrial commissioner. It was likewise such before the district court. The medical testimony was all in the negative on this question. It was not permissible to the district court, nor is it permissible to us, to reverse the industrial commissioner upon a finding of fact that has fair support in the evidence. The finding of fact in this case did have very definite support in such evidence. And this was quite conclusive upon the court below, and so is upon us. Our impressions of some of the medical testimony are not wholly favorable. The medical attention received by the plaintiff was given by physicians employed by the defendant. He was, therefore, quite dependent upon them for medical evidence. Some of this evinces a hostile mental attitude towards plaintiff's case. Such a mental attitude impairs greatly the value of expert opinion. This was a matter, however, that must have been observable to the industrial commissioner, and we must presume that he took full account of it. It is not permissible to the court on appeal to make an issue with the commissioner on the weight or credibility of

conflicting evidence. To do so would be to defeat wholly the objective of the statute, which is to provide summary procedure for this class of cases.

The nature of the accident from which plaintiff originally suffered and the external injuries resulting therefrom were such that a rupture could have been caused thereby. If the evidence of the rupture had appeared in a brief time, it would doubtless have been attributed to that original cause. The length of time, however, which elapsed before any evidence of the rupture appeared was deemed by the medical witnesses to wholly negative its relation as an effect of the former accident. The order of the trial court is, therefore,—*Reversed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.