GRACE MURPHY, Appellee, v. JAMES SHIPLEY et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Findings Conclusive. A finding by the industrial commissioner on competent, supporting, and conflicting testimony as to who was the employer of an injured servant is conclusive on the courts. (See Book of Anno., Vol. 1, Sec. 1452, Anno. 1 *et seq.*)

Headnote 1: Workmen's Compensation Acts, C. J. pp. 122, 123.

*Appeal from Guthrie District Court.*—W. G. VANDER PLOEG, Judge.

OCTOBER 27, 1925.

ACTION for recovery of compensation benefit under the Workmen's Compensation Law of Iowa. The essential facts are stated in the opinion.—*Affirmed.*

*W. M. McLaughlin* and *P. G. Risher,* for appellants.

*Carl P. Knox* and *Miller, Kelly, Shuttleworth & McManus,* for appellee.

DE GRAFF, J.—This action was commenced under the Workmen's Compensation Law of Iowa by the dependent widow of James Murphy against his alleged employer, James Shipley, and the Southern Surety Company, the insurance carrier, to recover compensation for his death on October 13, 1923. The one fact question is presented on this appeal: Who was the employer of James Murphy at the time of his fatal injury?

The plaintiff, Grace Murphy, prayed the industrial commissioner for statutory arbitration and award of workmen's compensation in the sum of $15 per week for 300 weeks and $100

funeral expenses and costs. The arbitration committee returned an award in favor of the claimant in the sum of $10.38 per week for 300 weeks and the statutory burial benefit and costs. Subsequently the industrial commissioner confirmed the award, and, upon appeal to the district court of Iowa in and for Guthrie County, the decision of the commissioner was affirmed. From the judgment entered, the defendants have appealed.

The facts disclose that James Murphy was husband of the claimant, and father of three children, aged 10 years, 6 years, and 8 months, respectively. The defendant Shipley had a road-grading contract with Guthrie County. At the time of the fatality, Murphy was driving a team and wagon belonging to the defendant Shipley, but was working on a part of the road sublet by Shipley to one William Bennethum. Shipley did not have personal supervision of the Bennethum outfit. Prior to the day of the accident, Murphy had been driving a dump wagon and horses belonging to Shipley, in the prosecution of the work under the personal supervision of Shipley and in the performance of his contract with Guthrie County. The subcontractor, Bennethum, had an outfit of his own, and at the time of the accident, had not finished the portion of the work which Shipley had by contract assigned to him. Shipley, having finished his part of the job, suggested to Bennethum that the latter should speed up his work. For this purpose, Shipley volunteered to send over men and teams to assist the Bennethum outfit. On the morning of the day that Murphy was killed, Shipley went to Murphy's home, and asked him if he would return to work on the road. A favorable reply having been received, Murphy was directed to go to Shipley's barn, harness the horses, and join the Bennethum outfit. This Murphy did, and while engaged in the road-grading work was killed by coming in contact with a live electric wire.

There can be no question that the fatal injury to Murphy arose out of and in the course of his employment. *Whose* employment is the question. An employee, under the Iowa Workmen's Compensation Law, is a person who works under a contract of service, express or implied. The defendant Shipley alone had the road-grading contract with Guthrie County. Shipley directed Murphy to proceed on the job, under the subcon-

tractor, and furnished him with team and wagon. It is also shown that, subsequently to Murphy's death, Shipley paid the widow, upon request, the sum of $12 by check, which represented the balance due Murphy for services rendered to the date of his death. The defendant Shipley, as a witness for the claimant, admitted that he had authority to direct and control the work, and "could have taken charge of the work if it had been necessary. I don't know that I could have fired any of his [Bennethum's] men; but if I had to do the work, I could have taken charge of it." No denial was made by Shipley that Murphy was in his employment at the time that Murphy was killed. He further testified:

"On the day of Murphy's death, when I went to his house that morning, I told him where to go. I sent him over to the Bennethum outfit."

It is shown that the county was holding Shipley to his contract, and was insisting that the job be finished speedily, and would not permit him to remove his outfit to go to another job. Bennethum had no contract with the county, and Shipley was directly interested in having Bennethum finish his part of the work. Counsel for appellant contend that the evidence shows that there was an implied contract between Bennethum and Murphy. Even if the evidence warrants the implication, the only effect is to create a conflict. It is clear that the findings of fact by the industrial commissioner have definite and ample support in the evidence. This is the determinative proposition. Whether Murphy was the employee of Shipley or of Bennethum was an ultimate fact to be determined by the industrial commissioner. He is the final and exclusive judge of fact questions under conflicting evidence. The record before us discloses a sufficiency of evidence that warrants the finding made by the commissioner on the sole issue involved herein.

Our prior decisions are controlling in the instant case. See *Flint v. City of Eldon,* 191 Iowa 845; *Herbig v. Walton Auto Co.,* 191 Iowa 394; *Knudson v. Jackson,* 191 Iowa 947; *Kraft v. West Hotel Co.,* 193 Iowa 1288; *O'Neill v. Sioux City Term. R. Co.,* 193 Iowa 41; *Serrano v. Cudahy Packing Co.,* 194 Iowa

689; *Springsteel v. Hanford Produce Co.*, 195 Iowa 1057; *Root v. Shadbolt & Middleton*, 195 Iowa 1225.

The judgment entered by the district court is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.