HUGHSON *v.* CITY OF KALAMAZOO.

1. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION.

Employer submitted to jurisdiction of department of labor and industry when agreement for compensation between employer and injured employee was presented for approval.

2. SAME—AUTHORITY.

In the administration of the workmen's compensation act the department of labor and industry derives all of its power and authority from the provisions of the act.

3. SAME—APPROVAL OF COMPENSATION AGREEMENT—REHEARINGS—FRAUD—MISTAKE—IMPEACHMENT.

Approval of an agreement for compensation and award made thereon is ordinarily conclusive of an employee's right to compensation since the department is without authority to grant a rehearing to one who was induced to make a compensation agreement by fraud or mistake although an award based thereon may possibly be impeached in a court of equity.

4. SAME—CERTIORARI—FINDINGS OF FACT BY DEPARTMENT ARE CONCLUSIVE.

On appeal in the nature of certiorari from an order of the department of labor and industry, the findings of fact made by the department are conclusive in the absence of fraud (2 Comp. Laws 1929, § 8451).

5. SAME—DECISION OF DEPARTMENT—ATTACK.

> Though proceedings under the workmen's compensation act before the department of labor and industry are not strictly judicial, they may be attacked only in the manner provided by law.

6. SAME—REDUCTION OF PAYMENTS—CONDITIONS PRECEDENT.

> Weekly payments awarded by the department of labor and industry may be reviewed, but it may not set aside its orders except in accordance with the statute and no proceeding to stop or modify an outstanding order may be had unless compensation is paid up to within 15 days of commencement thereof and then only when the physical condition of the injured employee is in issue (2 Comp. Laws 1929, § 8453).

7. SAME—JURISDICTION—APPROVAL OF COMPENSATION AGREEMENT—INDIGENTS—APPEAL AND ERROR—PETITION TO STOP COMPENSATION.

> Since the erroneous exercise of undoubted jurisdiction does not amount to a want of jurisdiction, erroneous order of approval by the department of labor and industry of agreement for compensation between indigent who was injured while at work for city for public support and maintenance of himself and family, stands as final adjudication by the department since it was never appealed from and conditions precedent to department's exercise of jurisdiction on subsequent motion to stop compensation have not been satisfied (2 Comp. Laws 1929, § 8453).

8. SAME—EQUITY—JURISDICTION—ORDERS OF DEPARTMENT.

> Orders of the department of labor and industry may sometimes be attacked by bill in equity to impeach the award for entire want of jurisdiction of the subject matter or in case the department makes an order approving award not in conformity with the statute (2 Comp. Laws 1929, § 8444).

Appeal from Department of Labor and Industry. Submitted January 11, 1935. (Docket No. 74, Calendar No. 38,087.) Decided April 8, 1935.

Samuel J. Hughson presented his claim against City of Kalamazoo for accidental injuries sustained while in defendant's employ. On petition to stop

compensation.   Award to plaintiff.   Defendant appeals.   Affirmed.

*Garrett J. Troff,* for plaintiff.

*Lynn B. Mason,* for defendant.

POTTER, C. J.   Plaintiff applied to defendant for public aid in October, 1932, and from then until February 2, 1933, on which date he was injured, he was continuously the recipient of public aid from defendant.   Plaintiff was required by defendant to work, and was credited for the work at the rate of 30 cents an hour, being furnished by defendant with groceries, fuel and house rent up to the amount he earned.   No wages were paid to him in cash, and there was no agreement he was to work for specific wages.   On the contrary, if he received public support and maintenance, he understood he was required to work it out.   No question is raised but that plaintiff's injury arose out of and within the scope of his work, and that he was at least temporarily disabled.   March 8, 1933, plaintiff and defendant entered into the usual compensation agreement under the workmen's compensation law, whereby plaintiff was to be paid at the rate of $7.20 a week during total disability; and this agreement was approved by the department of labor and industry March 22, 1933, and payments made thereunder to plaintiff at the agreed rate to and including December 14, 1933.   In addition to the compensation paid plaintiff by defendant, he received additional aid for the support and maintenance of himself and family because of the insufficiency of such payments by way of compensation to defray his necessary expenses of living. Defendant quit paying plaintiff compensation December 14, 1933, though plaintiff continued to re-

ceive aid from defendant to the extent of full support and maintenance for himself and family until the Kalamazoo county welfare association under State supervision took over the administration of poor relief, and thereafter plaintiff received support and maintenance from the Kalamazoo county welfare association to and including April 9, 1934. March 13, 1934, defendant filed a petition to vacate the agreement for compensation. This was heard before deputy commissioner Black, who, on April 9, 1934, held plaintiff was not entitled to receive and recover compensation from defendant, and that the petition to stop compensation should be granted.

Thereupon, application was made for the review of this order before the department of labor and industry; and it held that, under part 3, § 14, of the act (2 Comp. Laws 1929, § 8453), no proceeding to stop or reduce compensation could be maintained unless the compensation provided for in the agreement or award was paid or tendered to within 15 days of the time such proceeding to stop compensation was commenced; that defendant had not paid or tendered compensation as fixed by the agreement and award to within 15 days of the time such proceeding was commenced, and consequently defendant could not maintain its petition to stop compensation, and dismissed its petition so to do. Whereupon an appeal was taken to this court.

Appellant claims plaintiff was not an employee entitled to compensation (*Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 [88 A. L. R. 707]), and the department of labor and industry, therefore, had no jurisdiction to approve the agreement for compensation or to make an award based thereon; that this want of jurisdiction may be taken advantage of at any time, and appellant need not pay the compensa-

tion provided for in the approved agreement and award to within 15 days of the time such proceeding is commenced as ordinarily is required by 2 Comp. Laws 1929, § 8453. Appellant submitted to the jurisdiction of the department of labor and industry when the agreement for compensation was presented to the department for approval. *Adams* v. *W. E. Wood Co.*, 203 Mich. 673. This department derives all its power and authority from the statute. *Carvalho* v. *Cass Putnam Hotel Co.*, 239 Mich. 508. Petition was filed by appellant with the department to vacate the award of compensation and set aside the compensation agreement, and this case is here on appeal in the nature of certiorari from the order of the department of labor and industry refusing to set aside its approval of the agreement for compensation and award based thereon.

Approval of an agreement for compensation and the award made thereon is ordinarily conclusive of the employee's right to compensation. *Lumbermen's Mutual Casualty Co.* v. *Bissell*, 220 Mich. 352 (28 A. L. R. 874). The department is without authority to grant a rehearing to one who was fraudulently induced to make a compensation agreement (*Southern Surety Co.* v. *Curtis*, 240 Mich. 566), and the same rule should apply when the agreement for compensation was entered into by mistake. Such agreement, the order of approval by the department, and the award based thereon may possibly be impeached in a court of equity upon the ground of fraud. *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519 (21 N. C. C. A. 401); *Ingle* v. *Armour & Co.*, 264 Mich. 569. But this is not an equitable proceeding. The findings of fact of the department of labor and industry are, in the absence of fraud, conclusive. 2 Comp. Laws 1929, § 8451. Though the

proceedings before the department of labor and industry are not strictly judicial (*Reck* v. *Whittlesberger,* 181 Mich. 463 [5 N. C. C. A. 917, Ann. Cas. 1916 C, 771]; *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459), they may be attacked only in the manner provided by law. Weekly payments awarded by the department may be reviewed, but it may not set aside its orders except in accordance with the statute (2 Comp. Laws 1929, § 8453); and not then unless the compensation awarded is paid up to within 15 days before the proceedings to stop compensation, or to modify the outstanding order of the department, are commenced, and then only when the physical condition of the injured employee is in issue. *Estate of Beckwith* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916 E, 886).

When the agreement for compensation made between plaintiff and defendant was presented to the department of labor and industry, and was approved by it, the department necessarily determined plaintiff was an employee of defendant entitled to compensation. It had jurisdiction so to do. Though its determination may have been ·erroneous according to the subsequent opinion of this court, such order was never appealed from and stands as an adjudication by the department. The erroneous exercise of undoubted jurisdiction does not amount to a want of jurisdiction. The department was without authority to act in the premises except in accordance with the statute from which it derives all its authority, and which provides that before its awards may be modified or set aside, compensation awarded thereunder must be paid up to within 15 days of the time of making application for that purpose. The only other way the orders of the department of labor and industry may be attacked is by a bill in equity

to impeach the award. Perhaps in some cases an entire want of jurisdiction of the subject matter may be taken advantage of for the reason the order or award is outside the scope of the authority of the department which, under the statute, may only approve awards conforming to the provisions of the statute (2 Comp. Laws 1929, § 8444).

As this case is presented, the order of the department of labor and industry must be and is hereby affirmed.

North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred with Potter, C. J. Wiest, J., concurred in the result. Nelson Sharpe, J., did not sit.