ABRAHAM *v.* CITY OF HIGHLAND PARK.

Workmen's Compensation—Jurisdiction—Approval of. Compensa-
tion Agreement—Appeal and Error—Indigents—Reports—
Municipal Corporations.

Erroneous order of approval by department of labor and in-
dustry of compensation agreement between an indigent who
was not a city employee and the city, from which order no
appeal was taken *held,* on appeal from denial of petition to
stop compensation an exercise of undoubted jurisdiction and
stands as a final adjudication, notwithstanding that report of
injury showed on its face that injured person was not a city
employee.

Appeal from Department of Labor and Industry.
Submitted January 8, 1936. (Docket No. 17, Calen-
dar No. 38,680.) Decided March 2, 1936.

Joseph Abraham presented his claim against City
of Highland Park for accidental injuries sustained
while working out public aid extended to him and his
family. On petition to stop compensation. Award
to plaintiff. Defendant appeals. Affirmed.

*Gloster, Giller & Briggs,* for plaintiff.

*Earl B. Young,* for defendant.

Butzel, J. Plaintiff was receiving public aid from
defendant and in return was required "to work out"
the aid given him. On the morning of December 30,
1932, while engaged in this work, he was injured.
Defendant in its report of the accident to the depart-
ment of labor and industry stated that for over a

year Joseph Abraham had been receiving aid from the division of charities of the city of Highland Park; that he "worked out this aid in the department of public works by working every three weeks, four days a week and eight hours a day" and "that the average weekly relief extended to Joseph Abraham and his family was $7.25." On February 6, 1933, plaintiff and the city entered into an agreement for compensation at the rate of $7 per week during total disability of plaintiff. The agreement was approved by the department of labor and industry on February 28, 1933, and payments were made in accordance therewith. On August 29, 1933, we handed down our opinion in the case of *Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 (88 A. L. R. 707), in which we held that an indigent person engaged in working out aid received from a municipality does not occupy the position of an employee or a contracting party. Almost two years after the approval was had, defendant filed a petition to stop compensation on the grounds that the plaintiff had not only recovered from his injury, but that the department of labor and industry had been without jurisdiction to give its approval to the agreement when, by virtue of the *Vaivida Case,* the plaintiff was not an employee of the defendant city. Upon a denial of its petition defendant appeals and while it concedes that plaintiff has not recovered from his injury, it contends that the department was without jurisdiction to give its approval which, consequently, was a nullity.

The case is ruled by that of *Hughson* v. *City of Kalamazoo,* 271 Mich. 36, in which we held under facts almost identical with those in the instant case that an erroneous order of approval by the department of labor and industry of an agreement for com-

pensation between an indigent who was not an *employee* of the city and the city which was never appealed from was an exercise of undoubted jurisdiction and stands as a final adjudication. It is claimed that the present case differs in that the instant report of the injury showed *on its face* that the injured person was not an employee of the city. The distinction is without a difference. The department had jurisdiction and consequently the approval, not being appealed from, is binding.

We affirm the denial of the petition to stop compensation, with costs to the plaintiff.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.