### LOUIS v. BELL.

WORKMEN'S COMPENSATION—REHEARING—JURISDICTION OF DEPARTMENT.

An order dismissing a plaintiff's petition for review by the department of labor and industry and affirming the award of the deputy commissioner denying workmen's compensation is a final order and an award on the merits of the claim and a rehearing thereof is without the jurisdiction of the department.

Appeal from Department of Labor and Industry. Submitted June 8, 1944. (Docket No. 28, Calendar No. 42,598.) Decided November 30, 1944.

George Louis presented his claim against George Bell, doing business as Commercial Auto Painting Company, and Malcolmson Coal Company, employers, and Michigan Mutual Liability Insurance Company, insurer, for compensation for personal injuries sustained while in their employ. Award to defendants. Plaintiff appeals. Affirmed.

*I. W. Ruskin,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants Malcolmson Coal Company and Michigan Mutual Liability Company.

REID, J. This is an appeal in the nature of certiorari from an order and award of the department of

labor and industry entered August 31, 1943. It is the claim of plaintiff that while he was painting some coal chutes on property operated by defendant Malcolmson Coal Company on July 1, 1939, he suffered a compensable injury, for which he filed claim and notice on November 2, 1939. Defendant Malcolmson Coal Company filed its denial of its employment of plaintiff and of liability on November 16, 1939. On January 11, 1940, a hearing occurred before the deputy commissioner, whose award recited that plaintiff was not the employee of Malcolmson Coal Company, and denied his claim. Plaintiff, appearing by Robbins & Schuur, attorneys, filed a claim for review before the department January 24, 1940, but filed no transcript of the testimony. On February 28, 1940, defendant Malcolmson Coal Company filed a motion with the department to affirm the award and in effect to dismiss the claim for review because of the failure of plaintiff to file transcript of the testimony, as is provided by the rules of the department. On the same day, February 28, 1940, defendant Malcolmson Coal Company served a copy of a motion to dismiss on Robbins & Schuur, attorneys for plaintiff. Defendant therefore insisted on a finding that it was not the employer. Apparently this was contrary to what its officers later testified. On April 4, 1940, the department, in an order reciting that a petition for review had been made to the department from the award of the deputy commissioner denying compensation and that the plaintiff had filed no objection to the defendant's motion to dismiss, dismissed the plaintiff's claim for review before the department.

A petition to the department accompanied by an affidavit which was sworn to by the plaintiff on January 30, 1942, recited the filing on October 29, 1940, of a claim by plaintiff against George Bell

and the Collateral Liquidation, Inc., and recited that
on the hearing thereof the deputy commissioner on
September 2, 1941, stated, ''We are further inclined
to believe that if any party is a principal under
section 8416 of the workmen's compensation act,*
it is the Malcolmson Coal Company,'' and that the
evidence upon which this factual situation was deter-
mined was given by officers of the Malcolmson Coal
Company and the Collateral Liquidation, Inc.  The
petition further recited that a personal notice was
wrongly addressed to plaintiff, that plaintiff did
not discover the falsity of the statements concern-
ing the identity of his employer and which corpora-
tion was liable and did not discover seasonably that
the notices had been given.  Defendant Malcolmson
Coal Company filed objections February 11, 1942,
to the granting of a delayed review by the depart-
ment.  On May 5, 1942, the department ordered that
plaintiff have 20 days to perfect his claim for re-
view. Defendant Malcolmson Coal Company applied
to this Court for leave to appeal from the order of
the department of May 5, 1942, which leave was
denied by this Court on June 3, 1942.  On March 12,
1943, defendant Malcolmson Coal Company moved
the department to dismiss plaintiff's petition for re-
hearing on review, to which plaintiff answered on
March 22, 1943.  The department made an order
August 31, 1943, dismissing plaintiff's petition for
review of award, reciting, ''It is ordered, that plain-
tiff's petition for review from the award entered by
deputy commissioner McGregor on January 11, 1940,
be and the same is hereby dismissed for the reason
that the department is without jurisdiction to enter-
tain a review from such award.''   It is from this

---

* 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150).—REPORTER.

order that plaintiff now appeals and which he desires should be vacated.

The notice undertaken to be given to plaintiff personally was an act of courtesy which the department was not bound by rule or otherwise to do. Service upon his attorneys was sufficient. Plaintiff was bound to take notice of the rule providing that where the testimony is not filed, "the department will proceed to review the decision of the deputy commissioner without further notice to the parties." Plaintiff does not undertake to deny that his attorneys received a copy of the order dismissing his petition for review and does not deny that they were served with the notice. Plaintiff further does not claim that he ordered the testimony, does not claim that he informed the department that he was in doubt about the reliability of testimony, did not ask any extension of time to perfect the matter of the review, or show why the hearing or review of his claim should be held open. His whole reason for practically two years' delay of these matters is that he was deceived by defendant and testimony offered before the deputy commissioner as to the identity of his employer, coupled with delays caused by proceedings on questions of attempted review and attempted appeal to this Court.

It seems that some testimony would now be available to show the defendant Malcolmson Coal Company liable as employer for whatever claim plaintiff might have been able to establish. We do not pass upon the weight of this testimony. It would seem unjust that defendant should profit by the inability of plaintiff to make convincing proof of the relationship of employer and employee, in view of the superior knowledge of defendant's officers and agents and their claim and testimony on that subject.

We are given to understand from this record that plaintiff's failure to obtain favorable action on the part of the department was through no fault of his but was on account of false claim and false testimony on the part of Malcolmson Coal Company. We do not indicate whether he can or cannot obtain relief on account of such claimed perjury in any other suit or action.

The order of the department of April 4, 1940, reads:

"Therefore, it is ordered, that plaintiff's claim for review before the department be and the same is hereby dismissed *and the award of the deputy commissioner be and is hereby affirmed.*" (Italics supplied.)

The above order, particularly the italicized portion thereof, made a final disposition of plaintiff's case. It affirmed the award of the deputy which denied plaintiff compensation. At that moment the proceedings before the department were at an end, and the department had no power to grant a rehearing or otherwise reconsider plaintiff's petition. Squarely to this point, see *Guss* v. *Ford Motor Co.,* 275 Mich. 30. It follows that the department's order of August 31, 1943 (from which this appeal is taken), again dismissing plaintiff's petition for review of the deputy commissioner's award, must be affirmed on the ground stated by the department, *i.e.,* that it was without jurisdiction to further review the deputy's award.

Plaintiff's appeal is dismissed, with costs to appellees.

Boyles, J. (*concurring*). I concur in affirming the order of the department dismissing plaintiff's petition for review and affirming the award of the deputy commissioner. This was a final order and an

award on the merits of the claim, and therefore the department was without jurisdiction to grant a re-hearing or a further review of the award of the deputy. *Hughson* v. *City of Kalamazoo*, 271 Mich. 36. That is the only legal question involved in the case. Appellees may have costs.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred with BOYLES, J.