WICKHAM *v.* CARLTON TOWNSHIP SCHOOL DISTRICT NO. 2.

1. WORKMEN'S COMPENSATION—APPLICATION OF ACT—EXCEPTIONS.
   By virtue of an amendatory act the workmen's compensation
   law became compulsory as to both private and public em-
   ployment except employers who regularly employ less than
   8 employees at one time, domestic servants or farm labor-
   ers (PA 1912 [1st Ex Sess], pt 1, § 2a, as added by PA
   1943, No 245, and amended by PA 1945, No 345).

2. STATUTES—POLICY—CONSTRUCTION.
   Courts are not concerned with the wisdom or policy of legis-
   lation but with the interpretation thereof.

3. SAME—INTENT—COURTS.
   Courts may not give effect to an intent contrary to the lan-
   guage of the statute as written.

4. WORKMEN'S COMPENSATION—EMPLOYERS OF LESS THAN 8 EM-
   PLOYEES—SCHOOL DISTRICT—SINGLE TEACHER.
   Both public and private employment are excepted from the
   workmen's compensation act when less than 8 people are reg-
   ularly employed; hence a teacher, the sole employee of a
   school district, was not entitled to an award of compensa-
   tion for injuries arising out of and in the course of her em-
   ployment (PA 1912 [1st Sess], pt 1, § 2a, as added by PA
   1943, No 245, and amended by PA 1945, No 325).

5. COSTS—CONSTRUCTION OF STATUTE.
   No costs are allowed in proceeding to recover workmen's com-
   pensation, where interpretation of the statute is involved.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 58 Am Jur, Workmen's Compensation, § 87.
[1, 4] Workmen's compensation: Continuity and duration of em-
   ployment required by provision of act making its applicability
   depend on number of persons employed.   81 ALR 1232.
[1, 4] Who are "workmen" or "operatives" within workmen's com-
   pensation act.   129 ALR 990.
[2] 50 Am Jur, Statutes, §§ 300, 380.
[3] 50 Am Jur, Statutes, §§ 227, 387.

Appeal from Department of Labor and Industry. Submitted April 13, 1949. (Docket No. 22, Calendar No. 44,327.)   Decided June 6, 1949.

Lois Wickham presented her claim for compensation against Carlton Township School District No. 2, employer, for personal injuries sustained while in its employ.   Award to plaintiff.   Defendant appeals.   Reversed.

*Warner & Hart,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

SHARPE, C. J.   This is an appeal from an award granting plaintiff compensation.

The facts are undisputed.   Defendant is a regularly constituted school district of Barry county, Michigan.   Plaintiff was its schoolteacher and only employee.   On January 29, 1948, she sustained an accidental injury arising out of and in the course of her employment by defendant and her disability is a direct result of the injury sustained.

On November 12, 1948, the department of labor and industry granted her an award of $21 per week compensation for total disability and $408 for hospital and medical services.   Upon leave being granted, defendant appeals and urges that the amendment contained in PA 1912 (1st Ex Sess), No 10, pt 1, §§ 2–5, as amended by PA 1943, No 245, and PA 1945, No 325, and particularly sections 2, 2a, 3, 4 and 5 thereof (CL 1948, §§ 411.2–411.5 [Stat Ann 1947 Cum Supp §§ 17.142–17.145]) expressly removed from the operation of the compensation act all employers, whether public or private, who regularly had less than 8 employees.

Prior to the amendment by PA 1943, No 245, pt 1, § 5, of the compensation act (CL 1929, § 8411), read as follows:

"The following shall constitute employers subject to the provisions of this act:

"Public 1.    The State, and each county, city, township, incorporated village and school district therein, and each incorporated public board or public commission in this State authorized by law to hold property and to sue or be sued generally;

"Private 2.    Every person, firm and private corporation, including any public service corporation, who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the accident to the employee for which compensation under this act may be claimed, shall in the manner provided in the next section, have elected to become subject to the provisions of this act, and who shall not, prior to such accident, have effected a withdrawal of such election, in the manner provided in the next section."

Prior to the 1943 amendment, the act was compulsory for all public employers and elective for all private employers.

PA 1943, No 245, amended several sections of the compensation law.   Section 5 of part 1 was amended to read as follows:

"The following shall constitute employers subject to the provisions of this act:

"Public 1.    The State, and each county, city, township, incorporated village and school district therein, and each incorporated public board or public commission in this State authorized by law to hold property and to sue or be sued generally;

"Private 2.    Every person, firm and private corporation, including any public service corporation, who has any person in service under any contract of hire, express or implied, oral or written."

PA 1945, No 325, amended pt 1, §§ 2a, 3 and other sections of the compensation law as amended in 1943. Of particular interest to the issue involved in this case is part 1, § 2a, which was amended to read:

"This act excepting section 1 hereof shall not apply to employers who regularly employ less than 8 employees at 1 time nor to domestic servants or farm laborers."

PA 1943, No 245, is entitled:

"An act to amend sections 2, 3, 4, 5, 7 and 10 of part 1 * * * of Act No 10 of the Public Acts of the First Extra Session of 1912, entitled as amended 'An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the disability or death resulting from occupational injuries or disease or accidental injury to or death of employees and methods for the payment, and apportionment of the same, establishing an industrial accident board, defining its powers, providing for a review of its awards, making an appropriation to carry out the provisions of this act, and restricting the right to compensation or damages in such cases to such as are provided by this act,' as amended and added * * * to add to such act 10 new sections to stand as section 2a of part 1 * * * to repeal sections 6 and 8 of part 1 of said act, being sections 8412 and 8414 of the Compiled Laws of 1929."

Section 1 of the 1943 amendatory act enumerates the sections amended, among them being part 1, § 5 herein before noted, and the new sections added, one of which was part 1, § 2a. Section 2 of the 1943 amendatory act also notes the sections repealed and reads:

"Sections 6 and 8 of part 1 of Act No 10 of the Public Acts of the First Extra Session of 1912, be-

ing sections 8412 and 8414 of the Compiled Laws of 1929, are hereby repealed; section 5 of part 7 of Act No 10 of the Public Acts of the First Extra Session of 1912, as added by Act No 61 of the Public Acts of 1937, is hereby repealed; and all other acts or parts of acts in so far as inconsistent with the provisions of this act are hereby repealed."

Under and by virtue of the above act the provisions of the law became compulsory as to both private and public employment, with the following exception:

"2a. This act shall not apply to employers subject to the provisions of any Federal employers liability law and who have elected to come under the provisions of such Federal law, nor to employers who regularly employ less than 8 employees at one time nor to casual employees or domestic servants or farm laborers."

The above part 1, § 2a, was amended by PA 1945, No 325, in the following manner:

"Sec. 2(a). This act excepting section 1 hereof shall not apply to employers who regularly employ less than 8 employees at 1 time nor to domestic servants or farm laborers."

It is noted that the above section makes no distinction between public and private employment. There is no language in the amendment that the legislature intended this section to apply only to private employers. Courts are not concerned with the wisdom or policy of legislation. The province of a court is to interpret legislation. Nor may we give effect to an intent contrary to the language of the statute as written. In our opinion it was the intention of the legislature, as expressed in the above amendment, to except both public and private employment from the provisions of the compensa-

tion act when less than 8 people were regularly employed.

The award is vacated, but without costs as an interpretation of a statute is involved.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.