GANGES SCHOOL DISTRICT NO. 4 *v.* SMITH.

1. WORKMEN'S COMPENSATION—NUMBER OF EMPLOYEES—JURISDICTION OF COMMISSION. ·

The question of whether school district regularly employed 8 employees or had by any· means assumed liability for workmen's compensation under the workmen's compensation act so that the act would apply to it was one of fact which related to the liability of the school district under the act in a proceeding by school teacher for injuries sustained in an altercation with a pupil's mother, not to the jurisdiction of the workmen's compensation commission which had jurisdiction of the subject matter and the parties who pressed their contentions on the merits before the deputy commissioner (CL 1948, § 411.1 *et seq.*).

2. SAME—APPROVAL OF COMPENSATION AGREEMENT—ERRONEOUS EXERCISE OF JURISDICTION.

The action of the workmen's compensation commission in approving compensation agreements constitutes the exercise of jurisdiction and the erroneous exercise thereof does not amount to a want of jurisdiction.

3. SAME—CONCESSION OF FACTS AS TO APPLICATION OF ACT.

Concession that such facts existed in proceeding by school teacher to recover workmen's compensation that the workmen's compensation act applied to school district, which would have justified and supported an express finding of facts in accord therewith by the deputy commissioner and, on review, by the workmen's compensation commission, would be treated as conclusive on direct appeal to the Supreme Court, in the absence of fraud.

REFERENCES FOR POINTS IN HEADNOTES
[2] Generally as to jurisdiction of workmen's compensation commission, see 58 Am Jur, Workmen's Compensation, § 405.
[3] 58 Am Jur, Workmen's Compensation, § 530.
[4] 30 Am Jur, Judgments, § 187; 58 ·Am Jur, Workmen's Compensation, § 518.

'4. SAME—UNASSERTED DEFENSE—BILL TO SET ASIDE AWARD.

A legal defense, involving neither fraud nor jurisdiction, available to defendant in a proceeding before a deputy commissioner under the workmen's compensation act, but not asserted therein, is not available to such defendant as the basis for a subsequent bill in equity to set aside the award of the workmen's compensation commission.

Appeal from Allegan; Smith (Raymond L.), J. Submitted January 11, 1951. (Docket No. 73, Calendar No. 45,015.) Decided April 3, 1951.

Bill by Ganges School District No. 4 and others against Della M. Smith, and Workmen's Compensation Commission to restrain enforcement of award of compensation. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Leo W. Hoffman* and *Dwight M. Cheever,* for plaintiffs.

*Frank G. Millard,* Attorney General, and *Elbern Parsons,* Assistant Attorney General, for defendant Workmen's Compensation Commission.

*Warner & Hart,* for defendant Smith.

DETHMERS, J. In 1948 defendant Smith was employed as a teacher by plaintiff school district, which now claims it had no other employees. She was injured in an altercation with the mother of 1 of her pupils and filed claim for workmen's compensation. At the hearing before the deputy commissioner the following occurred:

"*The Commissioner:* May it be stipulated that both the employer and the employee were subject to the compensation law?

*"Mr. Chappell* (Representing the school district):
Yes."

The claim was opposed on the ground that the injury did not arise out of and in the course of employment. From an award of compensation application for leave to appeal on that same ground was denied by this Court on February 28, 1949.

On June 6, 1949, in *Wickham* v. *Carlton Township School District No. 2,* 325 Mich 94, we held that a school district which regularly employed less than 8 employees at 1 time was excepted from the provisions of the workmen's compensation act* under the terms of part 1, § 2a thereof, which at that time read in part as follows:

"Sec. 2a. This act excepting section 1 hereof shall not apply to employers who regularly employ less than 8 employees at 1 time nor to domestic servants or farm laborers."†

On June 12, 1950, plaintiff school district filed a bill in chancery to restrain further proceedings on the part of defendant commission relative to the claim of defendant Smith against plaintiff and for a decree vacating the award in her favor on the ground that it was void for lack of jurisdiction on the commission's part. The trial court granted defendants' motion to dismiss plaintiff's bill of complaint for the reason that the commission's award was *res judicata* on the issue of its jurisdiction. Plaintiff appeals.

It is plaintiff's contention that because it employed fewer than 8 persons and had not purchased insurance nor in any manner assumed liability under the workmen's compensation act, as provided in section 2a, therefore (1) under the act the commission

* CL 1948, § 411.1 *et seq.* (Stat Ann 1950 Rev § 17.141 *et seq.*), as amended.
† CL 1948, § 411.2a (Stat Ann 1950 Rev § 17.142[1]).—Reporter.

had no jurisdiction over defendant Smith's claim, (2) jurisdiction could not be conferred by consent of the school district's attorney at the hearing before the deputy commissioner, and (3) the award made by the commission without jurisdiction was void and may be vacated and its enforcement enjoined by a court of equity.

The many cases cited by plaintiff for the propositions that (1) jurisdiction of the subject matter cannot be conferred by consent of parties and (2) equity may set aside judgments or awards entered without jurisdiction of the subject matter or entered as the result of fraud, are not in point. There is no claim of fraud in this case. There can be and has been no claim of lack of jurisdiction over the parties. Both were present, pressing their contentions on the merits before the deputy commissioner. See: *Cofrode* v. *Wayne Circuit Judge,* 79 Mich 332 (7 LRA 511) and *Ferguson* v. *Oliver,* 99 Mich 161 (41 Am St Rep 593). The compensation commission has jurisdiction over the type or kind of subject matter involved, *viz.,* claims for disability resulting from personal injuries sustained by employees arising out of and in the course of their employment. The question of whether plaintiff regularly employed 8 employees or had by any means assumed liability for compensation under the act, so that the act would apply to it, was one of fact which went to the further question of the liability of plaintiff under the act, not to the jurisdiction of the defendant commission. The situation presented is comparable to that in *Hughson* v. *City of Kalamazoo,* 271 Mich 36, and *Abraham* v. *City of Highland Park,* 274 Mich 532, in which indigents who received public aid from the cities in question were injured while "working out" such aid. The department of labor and industry approved compensation agreements in both cases, under which the cities made compensation payments. Thereafter

in *Vaivida* v. *City of Grand Rapids,* 264 Mich 204 (88 ALR 707), this Court held that such indigents, while so engaged, were not employees of the city, whereupon the cities in the *Hughson* and *Abraham Cases* filed petitions to stop compensation on the grounds that the employer-employee relationship had not existed and that, therefore, the department had been without jurisdiction to approve compensation agreements. This Court rejected that claim of the cities, holding that the action of the department in approving the compensation agreements was the exercise of undoubted jurisdiction and that its erroneous exercise did not amount to a want of jurisdiction. In the instant case, the employment by plaintiff of 8 or more employees at one time is no more an element essential to the commission's jurisdiction than was the existence of the employer-employee relationship in the *Hughson* and *Abraham Cases.* Both go to the question of defendants' liability, not to the commission's jurisdiction. We think applicable the following from *James* v. *McDonald,* — SD — (39 NW2d 478):

"Respondent  *  *  *  contends that the question of whether the relationship of employer and employee existed is a jurisdictional question.  *  *  *  Respondents' contention finds support in *Williams* v. *Branum,* 192 Okla 129 (134 P2d 352); *Miles* v. *West Virginia Pulp & Paper Co.,* 212 SC 424 (48 SE2d 26); *Sommerville* v. *Industrial Commission,* 113 Utah 504 (196 P2d 718).  *  *  *  The commissioner must of necessity determine the existence of the relationship. If the relationship of employer and employee does not exist there is no liability under the law. But this is only one of several grounds of nonliability. There is no liability unless there is injury to or death of an employee, SDC 64.0103. The injury must be by accident arising out of and in the course of the employment. SDC 64.0102(4). There is no liability if the employee is a domestic servant or a

farm or agricultural laborer. SDC 64.0201. There are other instances of nonliability. Whether the facts disclose liability is for the commissioner to determine, and this court has been consistent in its holdings under a variety of conditions that such determination will not be set aside if supported by credible evidence. We are of the view that the existence or nonexistence of these facts upon which liability depends, including the fact of the employer-employee relationship, goes to the question of liability under the law and not to the jurisdiction of the commissioner. In support of this position see *Hillen* v. *Industrial Accident Commission,* 199 Cal 577 (250 P 570) ; *Index Mines Corp.* v. *Industrial Commission,* 82 Colo 272 (259 P 1036) ; *Taylor* v. *Blackwell Lumber Co.,* 37 Idaho 707 (218 P 356) ; *Cinofsky* v. *Industrial Commission,* 290 Ill 521 (125 NE 286) ; *A. E. Norris Coal Co.* v. *Jackson,* 80 Ind App 423 (141 NE 227) ; *Murphy* v. *Shipley,* 200 Iowa 857 (205 NW 497) ; *Churchill's Case,* 265 Mass 117 (164 NE 68) ; *Dale* v. *Saunders Bros.,* 218 NY 59 (112 NE 571, Ann Cas 1918B 703)."

At the hearing before the deputy commissioner plaintiff might have raised by way of defense the claimed fact that it did not regularly employ 8 persons at 1 time and had not assumed liability under the compensation act and urged that for that reason the act did not apply to it. That claim, if contested by defendant Smith, would have given rise to a question of fact for determination by the deputy commissioner. Plaintiff, however, pursued the opposite course and conceded, in effect, that the facts were such that the act did apply to it. That concession would have justified and supported an express finding of facts in accord therewith by the deputy commissioner and, on review, by the compensation commission. Such finding, though not express, is inherent in the commission's award in favor of the employee and, supported in the record by plaintiff's

concession, would, in the absence of fraud, have been conclusive even on direct appeal to this Court.

A legal defense, involving neither fraud nor jurisdiction, available to plaintiff before the deputy commissioner, but not asserted, is not now open to plaintiff as the basis for a bill in equity to set aside the award of the commission. See *Walker* v. *Robbins,* 55 US 583 (14 L ed 552), and *American Life Insurance Co.* v. *Balmer,* 238 Mich 580.

Affirmed, with costs to defendants.

Reid, C. J., and Boyles, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.

