A. E. NORRIS COAL COMPANY v. JACKSON ET AL.

[No. 11,755. Filed October 25, 1923.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Re-
lation of Master and Servant.—Finding of Industrial Board.—
Conclusiveness.*—In a proceedings for compensation, the ques-
tion whether the injured party was an employe or a contractor
was a question of fact for the Industrial Board and a finding
that the injured person was an employe, when supported by
some evidence, is conclusive on appeal. p. 425.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Re-
lation of Master and Servant.—"Chauffeur."—Legal Employ-
ment.—Statute.*—Where the deceased, at the time of injury
resulting in his death, was hauling coal for the defendant with
a truck borrowed from a third party, he was not a chauffeur
under the provisions of the statute (§10464 Burns 1914, Acts
1913 p. 779) defining a "chauffeur" as "any person operating
or driving a motor vehicle as an employe or for hire" and was
not required to have a license as a chauffeur in order to be
entitled to compensation. p. 425.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Dovie Jackson and others against the A. E. Norris Coal Company. From an award for the claimants, the defendant appeals. *Affirmed.*

*James L. Murray,* for appellant.

*G. Andrew Golden,* for appellee.

ENLOE, P. J.—January 12, 1923, one William E. Jackson was killed by being struck by a railway train at a street crossing in the city of Connersville, Indiana. At the time he was so struck and killed he was hauling coal for appellant, using therefor an automobile truck which he was then and there driving.

An application for compensation having been filed, the cause was first heard by one member of the board and resulted in an award of compensation to the appellees. On application for review, the cause was heard by the full board, additional testimony heard, and this hearing also resulted in an award of compensation to the appellees, from which award this appeal is prosecuted.

While the matters in controversy were pending before the full Industrial Board the appellant filed a special answer alleging that the death of the deceased was caused by (a) the committing by the deceased of a misdemeanor, to wit: the driving of a motor vehicle as a chauffeur without having first obtained a chauffeur's license, and (b) the willful failure and refusal of said Jackson to perform a statutory duty, to wit: his failure to obtain from the secretary of state a chauffeur's license before driving a motor vehicle upon the public highways of the State of Indiana.

Upon this appeal the appellant urges a reversal upon the grounds stated in its special answer; the facts alleged in said answer having been, upon the said hearing, stipulated as being true. It also urges that

as Jackson did not have a chauffeur's license his employment by appellant was illegal and appellees are therefore not entitled to an award of compensation, and that upon the facts as shown by the record the deceased was a contractor, and not an employe.

As to whether the said Jackson, at the time he received his said injuries, was an employe or a contractor was, under the repeated decisions of this court, 1. upon the record before us, a question of fact for the Industrial Board. *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196. The Industrial Board having found that Jackson, at the time he received said injuries, was an employe, and there being some evidence to support such finding, the same is conclusive upon us.

The remaining contentions of appellant center around the question as to whether or not the deceased was, at the time he received his said injuries, acting as 2. a chauffeur within the provisions of §10464 Burns 1914, Acts 1913 p. 779. By that section of our statute a "chauffeur" is defined as, "any person operating or driving a motor vehicle as an employe or for hire."

In this connection it is well to note that the appellant herein was not, as shown by the undisputed testimony and about which fact there is no dispute, the owner of the truck which the deceased was driving at the time he was killed. Appellant, as disclosed by this record, had no interest in said truck; it belonged to one Williams who had given Jackson permission to use the same in doing hauling about the city of Connersville. So far as the appellant is concerned in this case, the said truck was in Jackson's possession and he was using it, and rightly so, as his own property, hauling and delivering coal therein. He, upon the record before us, was in no proper sense a chauffeur, a person operating

or driving a motor vehicle as an employe or for hire; he needed no license as a chauffeur before driving said truck upon the public highways of this state; upon the facts as shown by this record the said Jackson stood, so far as appellant is concerned, upon the same footing as if he, Jackson, had been the owner of said truck. Having found that said Jackson was an employe of the appellant, the Industrial Board was fully justified, upon this record, in awarding compensation to the appellees.

The award is affirmed.