GARDEN CITY SAND COMPANY ET AL. *v.* ABNEY ET AL.

[No. 12,835. Filed March 10, 1927.]

1. MASTER AND SERVANT.—*Employer not harmed by Industrial Board hearing additional evidence in support of claim where it attended second hearing.*—One member of the Industrial Board heard evidence on the application of the widow and children of a deceased employee for compensation under the Workmen's Compensation Act. Such member made a finding that there was not sufficient evidence on which to base a finding and continued the application for the hearing of additional testimony. After hearing additional evidence, the same member made an award in favor of claimants, which, on review, was concurred in by the full board. *Held,* that, though irregu-

lar, the hearing of additional evidence was not harmful where the employer appeared at the second hearing and at the review before the full board and had full opportunity to introduce testimony.    p. 659.

2.   MASTER AND SERVANT.—*Whether claimants' decedent was independent contractor or employee is question of fact for Industrial Board.*—In a proceeding by the widow and children of a deceased employee for compensation under the Workmen's Compensation Act, the question whether the decedent was an independent contractor or an employee was one of fact for the Industrial Board.    p. 659.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Amelia M. Abney and her children for compensation for the death of the husband and father, opposed by the Garden City Sand Company, employer, and its insurance carrier.    From an award in favor of claimants, the employer and insurer appeal. *Affirmed.*    By the court in banc.

*Joseph W. Hutchinson,* for appellants.
*Louis N. Savage,* for appellees.

REMY, J.—Commodore P. Abney lost his life while working in a sand pit owned by the Garden City Sand Company; his widow and children, appellees herein, made application for compensation.    On March 18, 1926, the cause was heard by one member of the Industrial Board; at the close of the hearing, after each side had rested, the member made the following finding and award:    "And said member having heard the evidence that was submitted now finds that the same is not sufficient on which to base a finding, and said cause is hereby remanded for the hearing of additional evidence at such time as will suit the convenience of the Industrial Board."

On June 18, 1926, the same member of the board, having heard additional evidence, made an award in favor

of appellees, which on review was concurred in by the full board. It is urged by appellants that at the hearing before the single member of the board, after the evidence was submitted, and there had been a finding that the evidence was insufficient, the member was without authority to hear additional testimony at a future date. The action of the single member in permitting additional evidence to be introduced at a subsequent hearing was irregular, but since appellants had notice of, and appeared at the second hearing before the single member and also at the review before the full board, with opportunity to introduce testimony, they could not have been harmed.

The remaining question is: Was appellees' decedent, at the time he received the injuries which resulted in his death, an employee of appellant Garden City Sand Company, or was he an independent contractor? That was a question of fact for the Industrial Board. *A. E. Norris Coal Co.* v. *Jackson* (1923), 80 Ind. App. 423, 141 N. E. 227.

There is competent evidence to sustain the award. Affirmed.