SCHUMACHER, Respondent, v. SCHUMACHER, et al, Appellants.

(288 N. W. 796.)

(File No. 8286. Opinion filed December 7, 1939.)

Rehearing Denied April 17, 1940.

**Caldwell & Burns,** of Sioux Falls, for Appellants.

**M. C. Sullivan,** of Parkston, and **Fred D. Shandorf,** of Mitchell, for Respondent.

ROBERTS, J.  This is an appeal from a judgment of the circuit court of Hutchinson County affirming a decision of the industrial commissioner awarding compensation to

the plaintiff for injuries sustained while operating a tractor on his father's farm. The award was resisted on three grounds: First, that the plaintiff had no contract of employment with his father, George M. Schumacher, and that the relation of employer and employee did not exist between them because they were engaged in a joint enterprise; second, that respondent as a farm laborer was excluded from the operation of the workmen's compensation act, and that the father was not required to insure and did not insure any liability to persons engaged in the ordinary work of farming; and third, that there is no basis in the evidence for computation of compensation.

The findings of fact of the industrial commissioner are to the effect that the father resided upon and operated a farm of 800 acres in Hutchinson County; that respondent was employed as a laborer on this farm by his father; that the father for the protection of persons employed by him procured compensation insurance from the appellant, the South Dakota Employers' Protective Association; that respondent sustained an accidental injury arising out of and in the course of his employment; and that respondent was entitled to the sum of $200 for medical service and hospital care and the further sum of $7.50 per week during the period of his disability.

The first question is whether the evidence justified the determination that the relation of employer and employee existed at the time of the accidental injury. As a basis for recovery under the workmen's compensation law, a contract of employment, either express or implied, must exist. § 9490, Rev. Code 1919; Bergstresser v. City of Willow Lake, 63 S. D. 386, 259 N. W. 276. Services voluntarily and gratuitously performed create no liability. Respondent, twenty-eight years of age, resided at home and was working as a farm hand for his father at the time of his injury. Board and lodging were furnished to the respondent as the result of an arrangement between the father and son. The father bought his clothing and took care of other personal expenses including the payment of life insurance premiums and church and lodge dues. Under the arrangement with his

father respondent was also to receive a share of the crops grown on a designated tract of land. Respondent testified: "For the past three years we rented a half section north of our place. There are three of us boys over twenty-one. We worked to receive a share of that crop as wages. Dad furnished all seed, machinery and operating costs. I worked for my father other than on this half section. I am employed there the year round. * * * My brothers and I get the crop from the half section which is rented except the share taken out to be given to some loan company." This testimony is corroborated by the father. If the testimony is to be believed, there was an express agreement between the respondent and his father creating a valid contract for services. The fact that the services were not to be compensated by the payment of wages did not alter the relation of the parties. The workmen's compensation law (§ 9490, supra) defines an employer as "any individual, firm, association or corporation * * * using the services of another for pay." "Pay" here means compensation, and whether respondent received his compensation for services in money or other valuable consideration is immaterial. Smith v. Jones, 102 Conn. 471, 129 A. 50, 43 A. L. R. 952; Roush v. Heffelbower, 225 Mich. 664, 196 N. W. 185, 35 A. L. R. 196. Appellant urges that it must be concluded from the agreement of the parties that they entered upon a joint enterprise which did not give rise to the relation of employer and employee. The father exercised control over the respondent in the performance of his duties and had exclusive management and control of the farm. The agreement to accept a share of the crop in lieu of wages did not of itself establish the relation of joint adventurers. We think that there is substantial evidence to support the finding that the relation of employer and employee did exist.

We come now to the second ground of non-liability urged by appellant. It contends that its policy of insurance did not cover the employment in which the injury was incurred. An employer of "farm laborers" is not subject to the provisions of the workmen's compensation law unless he elects to accept its provisions. Section 9443, Rev. Code 1919,

as amended by chapter 312, Laws 1923, provided that as to farm laborers "employers may place themselves under the provisions of the Workmen's Compensation Law by voluntarily insuring their risks under such law." Appellant claims that the defendant employer intended to indemnify himself against liability to persons employed by him in his occupation of operating a threshing machine. The law requires that persons engaged in such occupation shall procure compensation insurance. Chapter 269, Laws 1931. The policy did not limit the liability of the insurer to employees operating a threshing machine, but extended coverage to "farm labor." It is claimed that no premiums were paid upon any amounts received by respondent from his father. Appellant assumed the obligation under its policy to pay workmen's compensation to farm laborers and we think that claim for compensation is sustainable against the insurer notwithstanding the failure of the employer to pay the proper premium. Appellant may have a claim against the employer for premiums, but as between employee and insurer this is immaterial.

Appellant contends that there was no evidence that the average weekly wages of the respondent were sufficient to authorize an award of $7.50 a week. This award rests on a finding "that the amount of compensation received by claimant during the year previous to the accident was made up of his share of the crop raised amounting to $188.80, insurance premium and church dues in the amount of $40, clothing furnished to him of the value of $75, and board, lodging and washing furnished to him amounting to $166.60, or a total of $470.40." Section 9461, Rev. Code 1919, prescribed the formula for determining the average weekly wages for the purpose of computing the compensation to be paid to an employee for an injury. There is evidence of the current wages in like employment at and prior to the time of the accident. We may assume that appellant is correct in its argument that such evidence could not be considered because respondent had been in the employment of his father for more than a year and that subdivision 3, Section 9461, supra, was not applicable. The industrial commis-

sioner, in computing respondent's wages, took into consideration his share of the crop and board, lodging and other allowances furnished as a part of his pay. The items furnished as an incident to the contract of employment were properly included. Section 9490, supra. We conclude that the earnings of respondent were properly established under subdivision 1, Section 9461, supra, and there was sufficient evidence to support the finding in question. The fact that no record was made of the items constituting the annual earnings of respondent did not preclude their ascertainment.

The judgment appealed from is affirmed.

All the Judges concur.