HANZLIK, Respondent, v. INTERSTATE POWER COMPANY, et al, Appellants

(289 N. W. 589.)

(File No. 8280.   Opinion filed January 16, 1940.)

**L. E. Waggoner,** of Sioux Falls, for Appellants.
**Krause & Van Buren,** of Dell Rapids, for Respondent.

PER CURIAM.   This is an appeal from a judgment affirming an award of compensation under the South Dakota Workmen's Compensation Law, SDC 64.   The essential facts are undisputed and may be epitomized as follows:   At the

time in question the defendant-employer served some nine communities in the vicinity of, and including, Hartford, South Dakota, with light and power by a connected system of distribution, and employed plaintiff as manager of that district. A severe snow and sleet storm did extensive damage to the company's lines and cut off service to much of plaintiff's territory. In attempting to restore that service plaintiff worked ten hours the first day, eighteen hours the second day, seventeen hours the third day, fifteen hours the fourth day, and twenty-four hours the fifth day. During most of these hours he performed exhausting labor while exposed to severe weather and wet snow. He was stricken with illness while returning home on the last day of his labor, and within a few hours thereafter collapsed and was removed to a hospital at Sioux Falls, where his illness was eventually diagnosed as encephalitis. One physician testified that the symptoms indicated the presence of influenza, and that the encephalitis may have followed influenza. The testimony of medical experts warranted the following finding of fact: "That said exposure, exertion, and exhaustion to which said plaintiff then and there was subjected caused him to become weakened physically and thus lowered his physical resistance, making him more susceptible to germ disease; that the encephalitis which he then and there contracted, is a germ disease; that it was stimulated by the favorable condition of his said lowered physical resistance; and that said encephalitis was the result of his said exposure, exertion, and exhaustion."

Plaintiff was incapacitated for many months, and was partly incapacitated at the time of hearing before the commission. The commissioner awarded compensation, and that award was affirmed by the learned circuit court.

Appellants assert that the employee was stricken with a disease which did not result from an "injury" and, therefore, is not entitled to compensation under the statute. This contention is based upon the definition of "injury" contained in section 9490, Rev. Code of 1919, SDC 64.0102, reading as follows: " 'Injury' or 'personal injury' shall mean only in-

jury by accident arising out of and in the course of the employment and shall not include a disease in any form except as it shall result from the injury."

That the disease did not supervene a bodily injury is established by the findings. The employee recognizes this indisputable fact but contends that under the circumstances at bar a disease is compensable although not resulting from bodily injury according to the pronouncement of this court in the case of Meyer et al. v. Roettele et al., 64 S. D. 36, 264 N. W. 191, 194. In that case, in dealing with botulism as a disease, this court said: "We are of the view that a disease may be an 'injury by accident' within the meaning of our statute. The exclusion is of any disease which is not an accidental injury or which does not result from such injury. It is generally recognized that accident as contemplated by the Workmen's Compensation Law is distinguished from so-called occupational diseases which are the natural and reasonably to be expected result of workmen following certain occupations for a considerable period of time. On the other hand, if the element of suddenness or precipitancy is present and the disease is not the ordinary or reasonably to be anticipated result of pursuing an occupation, it may be regarded as an injury by accident and compensable."

The reply of the appellant to this contention makes two points. It attacks the validity of the rule announced in Meyer et al. v. Roettele et al., supra, and questions whether the circumstances at bar bring the disease of the employee within the compass of that rule.

In view of the fact that Meyer et al. v. Roettele et al., supra, according to the theory of statutory interpretation, has received legislative approval through the subsequent reenactment of the statute construed as a part of the South Dakota Code (Cf. Stewart v. Rapid City, 48 S. D. 554, 205 N. W. 654; Brink v. Dann et al., 33 S. D. 81, 144 N. W. 734), we are not disposed to reexamine the holding therein announced. In arriving at this conclusion we are mindful of the fact that the events here under consideration antedated the enactment of the revision of 1939.

■ Viewing the record in the light of the tests announced in Meyer et al. v. Roettele et al., supra, we are of the opinion that findings based upon substantial evidence support the conclusion that claimant's disease constituted an "injury by accident." His collapse came suddenly upon the heels of unusual exertion, exposure and exhaustion, as an untoward, unexpected, and unanticipated result of pursuing his employment.

The judgment of the trial court is affirmed.