BANDT, Respondent, v. FARMERS CO-OP. ELEVATOR
CO., et al, Appellants

(5 N. W.2d 897.)

(File No. 8571. Opinion filed October 12, 1942.)

**Tom Kirby,** of Sioux Falls, for Appellants.

**Frank S. Tait,** of Milbaank, for Respondent.

RUDOLPH, P.J.   Plaintiff brought this proceeding to recover compensation under the Workmen's Compensation Law, SDC Title 64.   The Industrial Commissioner made an award in favor of the plaintiff and an appeal was taken to the Circuit Court where this award was affirmed.   Defendants have now appealed to this court.

The material facts are as follows:   Walter W. Bandt was engaged in business in Revillo, South Dakota.   He owned a John Deere tractor.   The defendant, Farmers Co-operative Elevator Company, was engaged in business at Revillo and Mr. John L. Jenny was its manager.   On August 18th Mr. Jenny, as manager of the defendant company, wished to place a grain car standing on the railroad tracks in position for loading.   It was impossible to place or "spot" this car by hand and Mr. Jenny asked Mr. Bandt to move the car with the tractor.   The testimony relating to this transaction is as follows:

"Mr. Jenny came in, and he told Walt, he says:   'I would like to hire you to do a job for me.' and Walt says: 'What is it?'   'Well,' he says, 'Do you think those John Deeres can move box cars?' and he said 'Yes', and he said, 'I want you to move two cars for me.'   And Walt got up and says: 'Will you watch the store for me until I get back?'"   Following this conversation Mr. Bandt got his tractor and went to the railroad yard.   Mr. Jenny obtained a log chain and fastened it to a step on an oil car which it was necessary to move before "spotting" the grain car. After fastening the chain to the tractor, an attempt was made to move the oil car, but the pulling force of the tractor bent the step on the car to which the chain was attached and Mr. Jenny called to Mr. Bandt to stop the tractor.   The chain was then hooked to a coupling on the oil car.   Mr. Jenny and the secretary of the Elevator Company got upon the car to work the brakes and when they

were ready they called to Mr. Bandt "All right, go ahead." Mr. Bandt started the tractor, the chain slacked and caught in the tractor, turning it over on Mr. Bandt and killing him.

■ The only question presented by the record is whether Mr. Bandt, at the time of his injury and death, was an employee of the defendant Elevator Company or an independent contractor. It was the position of the Industrial Commissioner, and affirmed by the Trial Court, that the work involved in moving the cars and the details thereof were under the direction and control of Mr. Jenny, and that Bandt was at all times subject to this control and direction of the manager of the defendant company. We are of the opinion that the view taken by the Industrial Commissioner finds ample support in the testimony and accepting this view, the result reached by the Industrial Commissioner and the trial court is correct.

■■ In the case of Cockran v. Rice, 26 S. D. 393, 128 N. W. 583, Ann. Cas. 1913B, 570, this court announced the general rule applicable in determining whether a person doing work for another is an independent contractor or an employee. The rule as thus announced has been followed by this court. Biggins v. Wagner et al., 60 S. D. 581, 245 N. W. 385, 85 A. L. R. 776; Baer v. Armour & Company et al., 63 S. D. 299, 258 N. W. 135; Schlichting v. Radke et al., 67 S. D. 212, 291 N. W. 585; McCarthy v. City of Murdo et al., 68 S. D. 271, 297 N. W. 790. In the Cockran-Rice case it was said [26 S. D. 393, 128 N. W. 585]: "To constitute an 'independent contractor,' the contract itself must be one the performance of which will produce a certain understood and specified result—a contract which contemplates a definite beginning, continuance, and ending. A test of the relationship between the employer and the employe is the right of the employer under the contract to control the manner and continuance of the particular service and the final result." We think it clear under the evidence presented that it was within the province of the Industrial Commissioner to find that Mr. Jenny, the manager of the defendant company, had the right to control the manner

and continuance and the final result of "spotting" the grain car. Mr. Bandt, under the evidence presented, did not attempt or agree to move the car to any certain location. The most that he was doing was aiding in the moving of the car as directed by Mr. Jenny. Mr. Jenny was in control of the movement of this car and it was he who was giving directions at the time in question. While Mr. Bandt was operating his own tractor he was, nevertheless, under the control and direction of Mr. Jenny, the same as he would have been had he been aiding in moving the car by hand or by some other means. We find nothing in the evidence which supports appellants' contention that there was a contract on behalf of Mr. Bandt to move this car as an independent operation. We think the reasonable inference to be drawn from the testimony was that drawn by the Industrial Commission and the Trial Court to the effect that Mr. Bandt in his work of moving the cars was at the direction and control of Mr. Jenny and that any time Mr. Jenny wished to stop the work or change the manner of its performance, he had the right so to do. In this connection we refer again to the rule established in Cockran v. Rice, supra, wherein it was stated: "No single fact is more conclusive as to the effect of the contract of employment, perhaps, than the unrestricted right of the employer to end the particular service whenever he chooses, without regard to the final result of the work itself."

As pointed out in all of the above cases, there are many and various tests which may be used in aiding the determination in the relationship existing. However, the principal test is always the right of the employer to control the manner and continuance of the particular service. As stated above, we are of the view that this record amply sustains the finding of the Industrial Commissioner that the defendant company had the right to control the manner and continuance of the work of moving the cars. However, the records also disclose that it was the defendant company which furnished the equipment other than the tractor used in the moving of the cars, and that it was the defendant company

that provided additional help for the work. These facts are material in determining the relationship. Annotations 75 A. L. R. 725.

The judgment appealed from is affirmed.

All the Judges concur.