JAMES, Appellant, v. McDONALD et al., Respondents
(39 N. W.2d 478)

(File No. 9078. Opinion filed October 21, 1949)

**Gale B. Wyman,** Belle Fourche, for Appellant.

**Tom Kirby, Blaine Simons,** Sioux Falls, for Respondents.

RUDOLPH, J.  This is a workmen's compensation case.  The single question presented is whether an employer-employee relationship existed between L. H. McDonald and the deceased, Wally James.  The Industrial Commissioner determined that James was an employee of McDonald, the circuit court reversed and held that James was not an employee.

At the hearing before the Industrial Commissioner, L. H. McDonald was the only witness and testified substantially to the following facts:  McDonald is engaged in the general trucking business at Rapid City.  He holds a Class B authority from the South Dakota Public Utilities Commission and generally operates two tractors and trailers.  He conducts the trucking business with the help of his wife and one employee.  Mrs. McDonald apparently keeps the books and answers the telephone.  Some time prior to January 1947, McDonald and Wally James entered into an oral agreement whereby James who owned a tractor was to haul one of the McDonald trailers and such cargo as McDonald directed.  It was also a part of the agreement that if James happened to "get a job" it was carried on the McDonald books and hauled by James with the McDonald trailer.  It was agreed that on all occasions when James operated his tractor and the McDonald trailer in the transportation of goods that James was to receive 80% of the gross charge for the transportation and McDonald 20%.  James was to pay for all upkeep on the tractor including

gasoline and oil and license fees. McDonald was to pay for all upkeep on the trailer including tires, insurance, and license fees. The accident which resulted in Mr. James' death occurred on the 9th of January, 1948 while he was engaged in hauling a load of livestock with his tractor and McDonald's trailer to Huron. During the time the parties operated under this agreement James made several trips, some long and others short, each week. Generally the customer would call McDonald who would advise James of the request and James would then proceed to pick up the cargo and transport it to the destination designated by the shipper. James was not carried upon McDonald's books as an employee and no deduction from the amounts James received for this hauling was made for social security or income tax purposes. McDonald collected for all of the hauling and paid to James the 80% as collections were made. Questions addressed to McDonald were answered as follows:

"Q. As long as one of your trailers was hooked on to Wally's tractor, you had power to designate where that trailer was to go, what it was to be used for? A. That's right.

"Q. If he was going to use your equipment he was going to use it the way you told him to do it? A. Yes.

"Q. And if he violated your instructions you wouldn't have used him and you would have canned him and refused to give him future work, wouldn't you? A. That's right.

"Q. I'm just asking you this: at all times from the very first load that he hauled until the last one that he hauled, whenever your trailer was hooked onto his tractor you had control of telling him where that thing was going as instructions had been given to you? A. That's right.

"Q. Mr McDonald, in considering the nature of the agreement between you and Mr. James, would you say that there was any difference between the work relationship between him and you and between the other man you hire and you, except upon the basis on which he was paid is there any other difference? A. No."

■ ■ The rule is well established in this state that on appeal from a decision of the Industrial Commissioner, the

circuit court sits as a reviewing court only upon the record made before the commissioner. The trial forum for ascertaining material facts is the Industrial Commissioner, and facts so found must be accepted by the reviewing court unless so palpably erroneous upon the record as to be unreasonable; such facts standing substantially upon the same plane as the verdict of the jury. Wieber v. England et al., 52 S.D. 72, 216 N.W. 850; Edge v. City of Pierre et al., 59 S.D. 193, 239 N.W. 191. It is only where the facts are undisputed and no conflicting inferences respecting the material ultimate fact can be drawn that the question becomes one of law for the court. Lang v. Jordon Stone Co., 61 S.D. 330, 249 N.W. 314.

Respondent recognizes the above rule but nevertheless contends that the question of whether the relationship of employer and employee existed is a jurisdictional question and as such comes to this court free of any consequence due to the commissioner's finding. Respondents' contention finds support in Williams et al., v. Branum et al., 192 Okl. 129, 134 P.2d 352; Miles v. West Virginia Pulp & Paper Co., 212 S.C. 424, 48 S.E.2d 26; Sommerville v. Industrial Commission et al., Utah, 196 P.2d 718. This court, without discussion, when reviewing the commissioner's finding on the existence of employer and employee relationship has stated that such finding would not be disturbed if supported by substantial credible evidence. Schumacher v. Schumacher et al., 67 S.D. 46, 288 N.W. 796; Schlichting v. Radke, 67 S.D. 212, 291 N.W. 585; Bandt v. Farmers Co-Op Elevator Co., 69 S.D. 17, 5 N.W.2d 897. We are of the view that these holdings are correct. The statute, SDC 64.0501, provides that the "* * * Industrial Commissioner shall be charged with the duty and authority to carry out and enforce the provisions of this title." To comply with this duty the Commissioner must of necessity determine the existence of the relationship. If the relationship of employer and employee does not exist there is no liability under the law. But this is only one of several grounds of nonliability. There is no liability unless there is injury to or death of an employee, SDC 64.0103. The injury must be by accident arising out of and in the course

of the employment. SDC 64.0102(4). There is no liability if the employee is a domestic servant or a farm or agricultural laborer. SDC 64.0201. There are other instances of nonliability. Whether the facts disclose liability is for the commissioner to determine, and this court has been consistent in its holdings under a variety of conditions that such determination will not be set aside if supported by credible evidence. We are of the view that the existence or nonexistence of these facts upon which liability depends, including the fact of the employer-employee relationship, goes to the question of liability under the law and not to the jurisdiction of the commissioner. In support of this position see Hillen v. Industrial Accident Commission et al., 199 Cal. 577, 250 P. 570; Index Mines Corp. v. Industrial Commission. 82 Colo. 272, 259 P. 1036; Taylor v. Blackwell Lumber Co. et al., 37 Idaho 707, 218 P. 356; Cinofsky et al. v. Industrial Commission, et al., 290 Ill. 521, 125 N.E. 286; Norris Coal Co. v. Jackson et al., 80 Ind.App. 423, 141 N.E. 227; Murphy v. Shipley, 200 Iowa 857, 205 N.W. 497; Churchill's Case, 265 Mass. 117, 164 N.E. 68; Dale v. Saunders Bros. et al., 218 N.Y. 59 112 N.E. 571, Ann.Cas.1918B, 703.

■ The fact that James was to receive a share of the proceeds of each haul does not determine the relationship. Schumacher v. Schumacher, 67 S.D. 46, 288 N.W. 796. Nor is the relationship determined by the fact that James furnished the tractor. Biggins v. Wagner et al., 60 S.D. 581, 245 N.W. 285, 85 A.L.R. 776. The fact that no deductions were made for social security or income taxes is not controlling. Sprout & Davis, Inc. v. Toren et al., Ind.App., 78 N.E.2d 437; Williams Construction Co. v. Bohlen, Md., 56 A.2d 694. As stated by this court on numerous occasions the real test is the right of control. As applied to the present facts the question is whether McDonald had the right to control the manner and continuance of the work being performed by James. There are certain so-called secondary tests which this court and other courts have applied as bearing upon the right of control, but such tests are not conclusive in themselves. The whole record must be looked to, and from the record the commissioner must determine the relationship. If the evidence is conflicting or if dif-

ferent inferences may be drawn from the testimony the determination of the question by the commissioner is final.

■ It is undisputed that the trucking business belonged to McDonald; he held the authority, he collected the money and kept the books. James had no authority to engage in trucking except under his relationship with McDonald. Under these circumstances the commissioner could readily infer that the arrangement with James was simply for the purpose of augmenting McDonald's business, that there was no partnership or joint venture, and that by this arrangement McDonald surrendered none of his business or its control to James, that each trip whether made by James, McDonald or the other employee was made as a part of the trucking business owned and operated by McDonald. This inference finds support in the testimony of McDonald and the questions and answers above set out. The evidence fairly discloses that McDonald assumed control of the whole situation. McDonald was the boss, he owned the business, directed which trips James should make, collected the money and paid James. True, he did not in any instance instruct James as to which route to take, how fast to drive or as to other details in making a trip, but we believe the commissioner could infer that he had the right so to do from his affirmative answer to the question, "If he was going to use your equipment he was going to use it the way you told him to do it?"

Nor are the facts mentioned above as to the method of payment and the furnishing of equipment by James necessarily opposed to the finding of control by McDonald. At the most these facts and the inferences to be drawn therefrom create a conflict in the evidence which was determined by the commissioner. There are perhaps other facts which point to the relationship as either being or not being that of employer and employee but we believe the discussion above is sufficient to disclose that under the rule above announced the evidence was such that the ultimate fact of employment as found by the industrial commissioner must be accepted by the reviewing court.

The judgment appealed from is reversed.

All the Judges concur.