TENNIS, Respondent v. CITY OF STURGIS et al., Appellants

(58 N. W.2d 301)

(File No. 9358. Opinion filed April 21, 1953)

18

**E. V. Morrill,** Sturgis, **Tom Kirby, Jr.,** Sioux Falls, for Appellants, City of Sturgis, **South Dakota & Western Surety Co.**

**Helm & Bottum,** and **Richard Kerper,** Sturgis, for Claimant and Respondent, Catherine Tennis.

**Blaine Simons,** Sioux Falls, for Employer-respondent, Sturgis Volunteer Fire Department.

RUDOLPH, J.   Claimant is the widow of Ralph Tennis who died soon after returning home from a fire which occurred in the City of Sturgis.   The Industrial Commissioner made an award under the Workmen's Compensation Law, SDC 64.0101 et seq.   This award was affirmed by the circuit court.   The insurance carrier has appealed.

The facts most favorable to the holding of the Commissioner are as follows:   Ralph Tennis was 56 years of age. He and his wife operated a tourist court in Sturgis.   On February 9, 1950, Tennis was asleep in his home at about 4:30 P.M.   He was aroused from his sleep by his wife who was concerned because the fire whistle "blew and blew".   The

fire was in the county shops in Sturgis and was the worst fire the city had experienced in years. Tennis went to the fire and when he arrived members of the fire department were there stringing hose and fighting the fire.

The assistant fire chief, Mr. Grams, testified that the chief had directed him to take charge on the north side of the building. Mr. Grams further testified, "When I first saw Mr. Tennis he had walked up to me and asked if there was anything he could do which was on the north side of the building. He was standing around with his hands in his pockets and Mr. Kelly and Mr. Bowman had ahold of the hose at the time and when he asked if he could help, I looked around and said, 'Sure. Go ahead and help with the hose'." Mr. Tennis did help with the hose which required "unusual and extreme manual and muscular activity on his part."

Although unaware of such fact, Mr. Tennis had for several years been afflicted with coronary sclerosis which made him susceptible to death from coronary thrombosis. Mr. Tennis was gone from his home about an hour. When he returned his clothes were wet, he was exhausted physically and suffering an acute pain in the region of his chest. A doctor was immediately summoned but Mr. Tennis died within an hour. The doctor testified and the Commissioner found that the immediate cause of his death was the physical exertion indulged while assisting at the fire.

These facts are sufficient for our present purpose, other facts will appear in the discussion.

■ Appellant contends that the record fails to disclose an employer-employee relationship existing between Mr. Tennis and the City of Sturgis, as determined by the Commissioner. Such relationship is necessary to impose liability under the Workmen's Compensation Law. Bergstresser v. City of Willow Lake, 63 S. D. 386, 259 N.W. 276; Schumacher v. Schumacher, 67 S.D. 46, 288 N.W. 796.

Respondent contends that within the meaning of the case of Gulbrandson v. Town of Midland, 72 S. D. 461, 36 N.W.2d 655, an employer-employee relationship did exist.

SDC 13.1612 provides:

"Every person * * * who at any fire at any place is guilty of any disobedience to the lawful orders of

> any public official or fireman attempting to control said fire, or who interferes with any such officer in any such case or refuses to assist in controlling said fire, * * * is guilty of a misdemeaor."

Respondent reasons that under the provisions of this section of our code, and the holding in the Gulbrandson case any private citizen pressed into service at a fire by a fireman becomes an employee of the city occupying the status of a volunteer fireman, and becomes entitled to the same benefits under the Workmen's Compensation Act as any other volunteer fireman who has attained such status by formal action of the governing board of the municipality.

■ ■ On this issue of the relationship between the parties we can see no distinction between the present facts and law and the facts and law in the Gulbrandson case. Under SDC 13.1612 a fireman has the same authority to call a private citizen into service, as does a sheriff or town marshal under the provisions of SDC 12.1001 and SDC 45.1112. On the issue of impressment into service the facts in this case, if anything, are a bit stronger in support of such issue than in the prior case. It is in the record that if the fire whistle sounds more than once it signifies a call for additional help. Mrs. Tennis testified that the whistle was sounded at least twice, and that she advised her husband, after calling him, that the whistle had been blowing a long time. Viewing the conversation between Grams and Tennis in the light of this testimony, the finding of the Commissioner that Tennis was "ordered by the said Grams to assist in handling a fire hose being used to control the fire" finds additional support, and helps negative the claim that Grams simply gave his permission to a volunteer to act.

Appellant next contends that if an employer-employee relationship did exist that Mr. Tennis was an employee of the Sturgis Fire Department and not an employee of the City of Sturgis as determined by the Industrial Commissioner. SDC 64.0102(2) (b) provides, "* * * volunteer firemen of any fire department of any municipality if regularly organized under the law shall be deemed employees of such municipality while in the performance of their duties as members of such

department, if duly recommended by the fire chief of such department to the governing body of such municipality for membership in such department, and duly appointed thereto by such governing body * * *".

Under this provision of our law, Grams, while attending this fire, was an employee of the city and as such employee had authority under SDC 13.1612 to impress Tennis into service. We think it clear that when Tennis was so impressed he thereby became an employee of the city. Gulbrandson v. Town of Midland, supra.

Appellant finally contends that the record fails to disclose an injury by accident within the meaning of the Workmen's Compensation Law. SDC 64.0102 (4).

In the case of Johnson v. La Bolt Oil Co., 62 S.D. 391, 252 N.W. 869, this court held that an injury by accident is an injury which is unexpected, and it is not necessary that the cause of the injury be untoward and unexpected, occurring without design. See also Meyer v. Roettele, 64 S.D. 36, 264 N.W. 191. Relying upon the Roettele case this court held in the case of Hanzlik v. Interstate Power Co., 67 S.D. 128, 289 N.W. 589, 590, that encephalitis, causing sudden collapse of electric power company's district manager after unusual exertion, exposure and exhaustion in restoring company's service was an injury by accident within the meaning of the law. We there said, "His collapse came suddenly upon the heels of unusual exertion, exposure and exhaustion, as an untoward, unexpected, and unanticipated result of pursuing his employment." So in this case Mr. Tennis died suddenly upon the heels of unusual exertion, exposure and exhaustion. His death was an unexpected and unanticipated result of his work at the fire, and constituted an injury by accident within the meaning of the above cases.

Appellant relies upon the case of Cooper v. Vinatieri, 73 S.D. 418, 43 N.W.2d 747. Such case is distinguishable from the prior cited cases and the facts now before us. In the Cooper case there was no element of suddenness or precipitancy, nor was the injury assignable to a definite circumstance.

The judgment appealed from is affirmed.

All the Judges concur.