2005 SD 95

**Jerome WOODCOCK, Petitioner and Appellant,**

v.

**CITY OF LAKE PRESTON, Employer and Appellee,**

and

**SDML Workers' Compensation Fund, Insurer and Appellee.**

No. 23437.

Supreme Court of South Dakota.

Considered on Briefs May 24, 2005.

Decided Aug. 31, 2005.

Steven S. Siegel of Lynn, Jackson, Shultz & Lebrun, Sioux Falls, SD, for petitioner and appellant.

Michael S. McKnight and Michael F. Tobin of Boyce, Greenfield, Pashby & Welk, Sioux Falls, SD, for employer, insurer and appellees.

LEE D. ANDERSON, Circuit Judge.

[¶ 1.] The Department of Labor (Department) concluded that claimant had no contract of employment with the City of Lake Preston (City) and was not entitled to workers' compensation benefits. The circuit court affirmed Department's order granting summary judgment to City and SDML Workers' Compensation Fund. We affirm.

## FACTS

[¶ 2.] The facts are not in dispute. On, City scheduled a controlled burn of a building. There was no emergency or other exigent circumstances associated with the controlled burn exercise. To assist with the controlled burn, Assistant Fire Chief Joseph Schnell (Schnell) contacted volunteer fireman Jeremy Woodcock (Jeremy). When Schnell called, Jeremy was working with his father, Jerome Woodcock (Woodcock), on Woodcock's home in Lake Preston. Jeremy agreed to participate in the controlled burn exercise and invited his father to ride along to the fire hall. Woodcock had served as an enrolled and active member of the Lake Preston Volunteer Fire Department but his enrolled status ended years earlier.

[¶ 3.] Jeremy and Woodcock joined volunteer firemen at the fire hall. They agreed to obtain containers of fuel from Jeremy's repair shop to help accelerate the fire. Upon arrival at the burn site, Woodcock and Jeremy unloaded and spread the fuel inside the abandoned building. Schnell did witness Woodcock delivering and spreading the accelerant. At no time did Schnell ask Woodcock for help with the controlled burn.

[¶ 4.] After pouring the fuel, Woodcock grabbed the City's propane torch and lit the fire. Suddenly there was a flash explosion and Woodcock was engulfed in flames. Woodcock dropped and rolled on the ground to extinguish the flames. As a result of the explosion, Woodcock had second and third degree burns to twenty-three percent of his body and was assigned a thirty-three percent whole-person impairment rating. Woodcock's employer, Twin City Fan Companies, Ltd., paid the majority of his medical bills through its self-insurance plan, but he still incurred over $5,200 in out-of-pocket expenses.

[¶ 5.] It was not until fifteen months after his injury that Woodcock notified City that he was claiming a work related injury. On February 12, 2004, Woodcock filed a petition for hearing with Department claiming entitlement to benefits pursuant to SDCL 62-1-5[1] based on an

---

1. SDCL 62-1-5 provides:

All persons providing voluntary service to a fire department, ambulance service, or rescue squad for any county, municipality, special purpose district, or township if regularly organized under the law shall be deemed employees of such county, municipality, special purpose district, or township while in the performance of their duties as members, if recommended by the person in charge to the governing body of such county, municipality, special purpose district, or township for membership and appointed by such governing body, and has not been removed by such governing body as members. For the purpose of computing com-

implied contract of employment. In response, City filed a motion for summary judgment arguing that Woodcock was not entitled to any workers' compensation benefits because he was not impressed into service to confront or respond to an emergency situation. Department agreed. Accordingly, it ruled as a matter of law that no contract of employment existed with City and Woodcock was not entitled to workers' compensation benefits.

[¶ 6.] Woodcock appealed Department's order granting summary judgment. The circuit court affirmed Department's grant of summary judgment.

[¶ 7.] Woodcock appeals and raises the following issues:

> Was an implied contract of employment created between City and Woodcock on August 26, 2002?

> Is Woodcock entitled to workers' compensation benefits in spite of the fact that there was no emergency on August 26, 2002?

## STANDARD OF REVIEW

[¶ 8.] The scope of this Court's review is prescribed by SDCL 1–26–37. We make the same review of the administrative agency's decision as the circuit court, and the circuit court's decision enjoys no presumption of correctness. *Appeal of Templeton*, 403 N.W.2d 398, 399 (S.D.1987). We give great weight to the findings and inferences made by the agency on factual questions. *Wagaman v. Sioux Falls Constr.*, 1998 SD 27, 576 N.W.2d 237, 240. In this case, however, the facts are not in dispute. Agency decisions concerning questions of law are "fully reviewable." *Grauel v. South Dakota*

*School of Mines*, 2000 SD 145, ¶ 7, 619 N.W.2d 260, 262.

## ANALYSIS

### ISSUE ONE

[¶ 9.] **Was an implied contract of employment created?**

[¶ 10.] To receive workers' compensation benefits, an employer/employee relationship must exist. *Rohlck v. J & L Rainbow, Inc.*, 1996 SD 115, 553 N.W.2d 521. This means the injury must have "its origin in the hazard to which the employment exposed the employee while doing his work." *Roberts v. Stell*, 367 N.W.2d 198, 199 (S.D.1985). The employer/employee relationship may be created by express or implied contract. SDCL 62–1–3; *Schumacher v. Schumacher*, 67 S.D. 46, 288 N.W. 796 (1939). "An implied contract is one, the existence and terms of which are manifested by conduct." SDCL 53–1–3.

[¶ 11.] Woodcock argues City created an implied contract of employment when he offered his assistance with the volunteer fire department training exercise. He believes that he is entitled to full workers' compensation benefits as a result of the burn injuries he sustained on August 26, 2002 while helping City with the controlled burn exercise.

[¶ 12.] Under some circumstances, this Court has held that an implied contract of employment can be created between private citizens and a municipality for worker's compensation purposes. *See Gulbrandson v. Town of Midland*, 72 S.D. 461, 36 N.W.2d 655 (1949); *Tennis v. City of*

---

pensation, the members shall be considered to be earning a wage that would entitle the members to the maximum compensation for death or injury allowable under this title. But in no event may payments to the members exceed the maximum limitations for benefits as set out in this title.

*Sturgis,* 75 S.D. 17, 58 N.W.2d 301 (1953). The *Gulbrandson* case involved a private citizen who was killed while helping the sheriff apprehend robbers. In *Tennis,* the assistant fire chief ordered a man to assist in controlling a fire. Tennis, suffering from coronary sclerosis, died suddenly from exposure and exhaustion shortly after assisting at the fire. In both cases this Court found that an implied contract of employment resulted when a private citizen was impressed into service by a peace officer or a fireman.

[¶ 13.] In this case Schnell did observe Woodcock assisting Jeremy in obtaining and spreading accelerant. However, Woodcock was not asked to help at the control burn site nor otherwise impressed into service. At the time Woodcock ignited the fuel, several firemen had not yet put on their fire-protection clothing and the hoses had not been laid out and prepared for use. We have held, "services voluntarily and gratuitously performed create no liability." *Schumacher,* 67 S.D. at 48, 288 N.W. at 797. Such services are outside the course of an employee's employment.

■ [¶ 14.] Requiring municipal employees to keep a lookout for such intermeddlers will only distract them from their employment duties. As one court noted,

> Undoubtedly, the Legislature did not want to extend workmen's compensation benefits to everyone who rushes upon the scene and sustains injury. An unauthorized, foolhardy intermeddler can cause great harm, not only to himself but also to others. A municipality may not be burdened with workmen's compensation payments in favor of such an unauthorized injured person, no matter how noble his motive might have been or how great the help he may have rendered.

*Volek v. Borough of Deal,* 83 N.J.Super. 58, 198 A.2d 822, 825 (App.Div. 1964). It is clear to this Court that Woodcock's actions were of his own volition, unlike the claimants in *Gulbrandson* and *Tennis* whose services were commandeered.

## ISSUE TWO

[¶ 15.] **Is Woodcock entitled to workers' compensation benefits?**

[¶ 16.] Woodcock argues that he is entitled to workers' compensation benefits in spite of the fact that there was no emergency on August 26, 2002. City contends that two elements that must exist for a court to find an implied contract: the private citizen was (1) impressed into service (2) to confront an emergency. *Gulbrandson, supra* and *Tennis, supra* did involve emergency situations where a bystander was asked or directed to assist emergency personnel. However, these cases did not explicitly hold that an emergency must exist for an implied contract to be found.

[¶ 17.] We are not faced with a situation where a fire chief or sheriff has impressed a citizen into service in a nonemergency situation. In the present case, Woodcock was never recruited or asked to assist in the controlled burn by the assistant fire chief. Therefore, we need not decide the question of whether an emergency situation must exist in order to find an implied contract of employment.

## CONCLUSION

[¶ 18.] Woodcock was not a volunteer fireman at the time of his injuries nor was he impressed into service by the Lake Preston Fire Department to assist with an emergency. Therefore, no implied contract of employment existed. Woodcock was not entitled to benefits under SDCL 62–1–5. We, therefore, affirm the circuit

court's order which affirmed the Department's order granting summary judgment.

[¶ 19.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶ 20.] ANDERSON, Lee, Circuit Judge, for SABERS, Justice, disqualified.